Isaie Rosseau *vs.* Napoleon M. Deschenes & another.

Worcester.     October 4, 1909. — October 18, 1909.

Present: Knowlton, C. J., Hammond, Loring, Sheldon, & Rugg, JJ.

*Negligence*, Employer's liability.     *Partnership.     Joint Tortfeasors.     Evidence*, Admissions, Competency.

At the trial of an action by a carpenter against a contractor for personal injuries received by the plaintiff while in the employ of the defendant, by reason of the breaking of a defective wooden bracket which supported the board flooring of a staging furnished by the defendant for the plaintiff to work upon, if it appears that the plaintiff had no part in placing the bracket in position, and there is evidence tending to show that the inner part of the bracket had become rotten from long use and exposure to the weather, but that a bracket in such a condition would appear sound to any one looking at it, it cannot be said as matter of law that the defective condition of the bracket was so obvious that the plaintiff must be charged with knowledge of it and held to have assumed the risk of any resulting accident, but that question is for the jury.

At the trial of an action against a contractor for personal injuries received by the plaintiff, a carpenter in the employ of the defendant, by reason of the breaking of a defective wooden bracket which supported the board flooring of a staging furnished by the defendant for the plaintiff to stand upon while at work upon a house, although it appears that a fellow servant of the plaintiff selected the defective bracket from among others of which there was a sufficient number for the stagings on the house, and that the defect might have been discovered on inspection, nevertheless, if there also is evidence tending to show that no more brackets had been provided by the defendant than were needed for the stagings around the

house and that the bracket in question was one of the last to be taken, the jury would be warranted in finding that the defendant expected and intended that all the brackets should be taken and used as needed, and that the bracket which broke had been furnished with the others to be used as it was used, and therefore that the injury to the plaintiff was caused by negligence for which the defendant was liable. *j*

At the trial of an action by a carpenter against two defendants for personal injuries alleged to have been received by the plaintiff while in the employ of the defendants and at work upon the staging of a building, and to have been caused by the breaking of a defective bracket supporting a staging upon which the plaintiff was working, if there was evidence tending to show that the plaintiff originally was employed by the second of the defendants only, that he received his pay at first from the second defendant by a check signed by the first, that for the last of several successive payments he was sent by the second defendant to the office of the first, where he received it, that a fellow employee with the plaintiff was paid sometimes by the first defendant, that, when he was paid by the second, it was by a check signed by the first, and that both defendants busied themselves about the building where the plaintiff was working and gave directions as to the work to be done and the materials to be used, the jury were warranted in finding that both defendants stood upon the same footing as to the plaintiff, although there also was evidence tending to show that a contract with the owner of the building as to the work being done there was with the second defendant only, and that the brackets furnished for the staging were his personal property.

At the trial of an action for personal injuries against two defendants, evidence tending to show statements by the first defendant bearing on his relations with the second, although incompetent against the second defendant, should be admitted against the first.

Tort for personal injuries to the plaintiff, a carpenter, while, as he alleged, in the employ of the defendants Deschenes and Charron, from the breaking of a defective bracket which supported a staging. Writ in the Superior Court dated August 14, 1907.

The case was tried before *Sanderson*, J. Of the witnesses mentioned by name in the opinion, Hosmer was a builder and contractor, who testified as an expert witness for the plaintiff, and Masse was a fellow workman with the plaintiff.

The evidence referred to in the last paragraph of the opinion was as follows:

The plaintiff, testifying as to a conversation with the defendant Charron in which Charron asked him whether he wanted to go to work and the plaintiff replied that he did "if you want to pay every week," stated that Charron said "Mr. Deschenes is with me this year and we pay every week." The testimony was stricken out. By another fellow workman the plaintiff offered

to prove that, on an application by the witness for more pay, Charron had said, "I will see Mr. Deschenes about it," and, subsequently, "I have seen Mr. Deschenes about it and you can have your pay raised." The evidence was excluded.

Other facts are stated in the opinion. At the close of the evidence, the presiding judge ordered verdicts for the defendants; and the plaintiff alleged exceptions.

*M. M. Taylor*, for the plaintiff.

*F. F. Dresser*, for the defendant Deschenes.

*H. R. Bygrave*, for the defendant Charron, submitted a brief.

SHELDON, J. The jury might have found that the plaintiff, while himself in the exercise of due care, was injured in consequence of the fall of the staging on which he was at work, and that this fall was caused by the breaking of one of the brackets which supported the staging and which were furnished by the defendants for that purpose. The inner part of this bracket, it might have been found, had become rotten from long use and exposure to the weather, so that it had become defective and dangerous; and the defendants might have discovered this fact by proper inspection. That is, the jury might have found that the plaintiff's injury was due to the defendants' negligence in supplying a defective and improper bracket for the construction of the staging upon which he was put to work. Unless he had assumed the risk of this accident, or unless it was due to the negligence of his fellow servants, the case should have been submitted to the jury.

1. It cannot be said as matter of law that the defective condition of this bracket was so obvious that the plaintiff must be charged with knowledge of it and held to have assumed the risk of any resulting accident. Hosmer testified that such a bracket would appear sound to any one looking at it. Doubtless other parts of his testimony and other evidence in the case tended to a different conclusion; but the utmost that can be said is that it was a question for the jury. And a servant assumes the risk only of obvious defects. *Anderson* v. *Marrinan*, 202 Mass. 193.

2. Nor can the defendants escape liability on the ground that they had provided a sufficient number of safe and proper brackets, and are not to be held for the negligence of a fellow servant of the plaintiff in selecting a defective one for use. There was evi-

dence that no more brackets had been provided than were needed to support the stagings around the house; this defective bracket was one of the last to be taken; and it might have been found that the defendants expected and intended that they should all be taken and used as needed, without taking down from the house brackets that had been put in place for other stagings. Accordingly, it might have been found that the defendants had furnished this particular bracket with the others to be used just as it was used. In this respect the case differs from *Callahan* v. *Phillips Academy*, 180 Mass. 183, and similar cases. Moreover, the jury might have found that the defendants had furnished this bracket as one of a large quantity, all available for use and to be used indifferently, but that by reason of the defendants' negligence this bracket, though to the eye as good as the others, had not the needed strength. *Ford* v. *Eastern Bridge & Structural Co.* 193 Mass. 89, 91. *Cushing* v. *Smith Iron Co.* 194 Mass. 310, 312. We have assumed that the plaintiff's rights are no greater than if the staging, though erected while he was not employed by the defendants, had been constructed by his fellow servants. *O'Connor* v. *Rich*, 164 Mass. 560.

3. We have taken it for granted thus far that both defendants stand upon the same footing; and we are of opinion that the jury might have so found, although the testimony was somewhat meagre. There was evidence that the plaintiff was originally employed by Charron, but that he received his pay at first from Charron's hand in a check signed by Deschenes, and that for his final payment he was sent by Charron to Deschenes' office and received it there. Masse testified that both Deschenes and Charron busied themselves about the building, and gave directions as to the work to be done and the materials to be used. Masse was paid sometimes by one, sometimes by the other; the checks which he received from Charron were signed by Deschenes. The fact that Charron alone had made a contract with the owner of the house for its construction, though entitled to consideration, was not conclusive. Nor would it be material that the brackets were the individual property of Charron, if the jury found that both defendants had assumed the responsibility of furnishing proper appliances.

4. The evidence of Charron's declarations as to his connection

with Deschenes, though of course incompetent against Deschenes, should have been admitted against Charron himself. *Smith* v. *Collins*, 115 Mass. 388.

*Exceptions sustained.*