EMMA LYONS *vs.* BOSTON ELEVATED RAILWAY COMPANY.
LEROY LYONS *vs.* SAME.

Suffolk.   November 10, 1909. — January 7, 1910.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.   Elevated Railway.*

In an action by a woman against a corporation operating an elevated railway for personal injuries, it is no evidence of negligence on the part of the defendant, that when the plaintiff was entering one of the defendant's cars by its middle door she found the doorway obstructed by bundles placed on the floor of the car by another passenger and stumbled over one of them, if there is nothing to show how long the obstruction had been in the doorway or that the defendant's employees had or ought to have had any knowledge of its presence there.

TWO ACTIONS OF TORT against the Boston Elevated Railway Company, the first by a married woman for personal injuries alleged to have been sustained when the plaintiff was entering the centre door of a car forming part of a train of the defendant at its Dover Street station in Boston at about one o'clock in the afternoon of May 25, 1906, and the second action by the husband of the plaintiff in the first for damages suffered by him by reason of her injuries.   Writs dated July 16, 1906.

In the Superior Court the cases were tried together before *Fox*, J.   At the close of the plaintiffs' evidence, the defendant rested except as to damages.   The judge refused to rule that the plaintiffs could not recover, and submitted the cases to the jury.   They returned a verdict for the plaintiff in each of the cases, in the first case in the sum of $2,000 and in the second case in the sum of $600.   Upon a motion by the defendant for a new trial, the plaintiffs at the suggestion of the judge remitted the portions of these amounts in excess of

$1,000 and $300 respectively, and the judge reported the cases for determination by this court.

If, upon all the evidence on the question of liability, the judge's refusal to rule that the actions could not be maintained was wrong, judgment was to be entered for the defendant in each case. If the ruling was correct, judgment was to be entered on the verdicts as reduced.

The cases were submitted on briefs.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the plaintiffs.
*R. A. Stewart & L. R. Chamberlin,* for the defendant.

RUGG, J. While the female plaintiff was entering one of the defendant's cars by its middle door, which had just been opened as the car came to a stop, she observed a number of. bundles in the doorway, one of which she moved, and over another of which she stumbled and fell. There was no evidence as to the length of time they had been in the doorway nor as to their ownership, except that after she fell a passenger came from the other side of the car and took them away. The only description given of them was that they were good sized brown paper parcels, the taller one being about as high as the knee. It is matter of common knowledge that the defendant does not conduct an express or parcel delivery business in Boston. The only reasonable inference from these facts is that the parcels were placed in the doorway by a passenger. Passengers upon elevated cars frequently carry bundles of all sorts, and have a right to do so. It is difficult to conceive of performing a service like that of the defendant without permitting bags and parcels to be brought into the cars. Passengers have control of them, and may be expected occasionally to put them on the floor of the car. The degree of peril to other passengers resulting therefrom is ordinarily slight. Such things reasonably and intelligently done do not constitute sources of danger. *Pitcher* v. *Old Colony Street Railway*, 196 Mass. 69. The public and the defendant must act with reference to this widely prevailing custom. There are no circumstances which indicate that it was the duty of the defendant to keep an employee at each car exit and entrance to see that passengers did not place their packages where they might become obstructions to those coming in or going out. It is too onerous a burden to

require the defendant to act upon the theory that every one of its passengers is likely to be careless as to his fellows. The defendant might rely upon its patrons not to be heedless of the safety of others in this respect. The fact that one out of many violated his duty does not in and of itself render the defendant liable. There must at least be some notice to the defendant of such conduct before it can be charged with responsibility. There is nothing in the present case to show that the obstruction had been in the doorway more than an instant or that the defendant's employees had or ought to have had any knowledge of its presence there. *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52. *Thomas* v. *Boston Elevated Railway*, 193 Mass. 438.

In accordance with the terms of the report, let the entry in each case be

*Judgment for the defendant.*