MARIE KINGSTON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 9, 1910. — January 6, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Street railway: violation of rule by conductor.

At the trial of an action against a street railway company for personal injuries alleged to have been due to the plaintiff slipping on the step of a closed electric car of the defendant because of an accumulation of mud and slime thereon, there was evidence of the presence of the mud on the step when the plaintiff entered the car and when she left it a mile farther on, and that the defendant had made rules and given instructions to the conductor in charge of the car in question making it his duty to clean the step and put upon it sand provided for the purpose whenever that was necessary to prevent passengers from slipping, even if the slippery condition was caused by the natural tracking of mud upon the steps during the trip of the car. *Held,* that there was evidence of negligence on the part of the conductor in failing to obey the rules of the company and the instructions given to him.

TORT for personal injuries due to the plaintiff slipping on the step of a closed electric car of the defendant as she was leaving the car, and alleged to have been caused by mud and slime negligently allowed to remain on the step.   Writ in the Superior Court dated March 15, 1907.

The case was tried before *Crosby*, J.   Besides those stated in the opinion, the following facts were in evidence:

The plaintiff testified that she took the car in question at Roxbury Crossing in Boston to go to Jamaica Plain, and noticed mud and slime on the step both as she entered the car and when she was leaving it at the corner of Creighton Street and Centre Street in Jamaica Plain, which was about a mile from Roxbury Crossing.

There was in evidence a rule of the defendant reading as follows : " Conductors must see that their cars are always in proper condition for passengers, and when necessary at the end of each trip sweep them out and dry the seats of open cars."

The conductor, besides testifying as stated in the opinion, testified that, "if there had been mud or slime on the step at Roxbury Crossing it would have been his duty to have scraped it off."

There was a verdict for the plaintiff; and the defendant alleged exceptions.

*L. R. Chamberlin,* for the defendant.

*R. H. Sherman,* for the plaintiff.

LORING, J.    The plaintiff in this case testified that in alighting from one of the defendant's cars between three and four o'clock in the afternoon of February 16, 1907, she slipped on slime or mud which she testified " was on all the step " and was an inch thick.   The only exceptions now before us are exceptions taken to the refusal of the trial judge to direct a verdict for the defendant and to rule that on all the evidence there was no evidence of negligence of the defendant or of its servants. The ground on which the defendant now seeks to support these rulings is that the car in question was taken out of the barn at Forest Hills at two o'clock and that it was then clean; that the accident happened on the second trip out from Boston; that on the whole of the first trip in to Boston and out to Forest Hills the step in question was not used, it being on the left side of the car which was run on a double track; and that this step did not begin to be used until the crew changed ends at Forest Hills at the end of the first round trip.   The argument put forward is that the slime or mud must have accumulated during this second trip and that a carrier cannot be held to be negligent for the natural tracking of mud upon its vehicle during the course of a journey.

There are some indications in the bill of exceptions that the case was tried on the footing that the car did leave the car barn at Forest Hills at two P. M. ; that it was then clean, and that the condition of the step, if it was muddy, came from the mud tracked in upon it on the second round trip.   We therefore consider the case on that footing in spite of the fact that this evidence came from one of the defendant's witnesses and might have been disbelieved within the rule in *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314.   Even under these circumstances we are of opinion that it could not be ruled as matter of law that there was no evidence of negligence on the part of the defendant.

The proposition of law on which the defendant relies finds support in *Riley* v. *Rhode Island Co.* 29 R. I. 143.   But we do not find it necessary to pass upon it in this case.

In this case the conductor of the car in question testified "that he did not clean the step when he got to Park Street on his first trip, although it would have been his duty to clean it off if it had been slippery and slushy; if it had been muddy and slippery and slushy so that a person might slip on it, he certainly would clean the step off if he could. . . . That the only broom was at Forest Hills, — he did not think there was one at Park Street, that if he saw the steps were dirty, slushy and slippery for passengers, he would get down and scrape them off with his foot. On a day like that there is a little sawdust at Park Street, and he had often taken sawdust and put it down, and it was a rule of the company that he should keep the steps in a safe condition, and it was his duty to do that if it was in an unsafe condition. . . . He didn't remember when he looked at them if there had been slush and mud and a slippery condition; that he would clean it off, scrape it off with his foot if there had been mud there; that he didn't think he had scraped it off at any time that afternoon, because it wasn't necessary, although he did not remember now whether he did or not. If it had been in a slippery condition even if he had scraped it off he would have put sand on there from the sand box in the left hand rear corner under the seat; he would have put sawdust on at Park Street. At Park Street it was his duty to get off the car on to the platform first, and if the step had been slippery he would have taken a handful of it and scattered on to the steps; that he could not remember whether he did or not on the day of the accident."

On this evidence the jury were warranted in finding that the defendant had made it the duty of the conductor to clean the step and put sand on it provided for the purpose, whenever that was necessary to prevent passengers from slipping even if the slippery condition was caused by the natural tracking of mud on the journey. That brings this case within the principle of *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476.

*Exceptions overruled.*