EVA HOTENBRINK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 9, 1912. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence,* Street railway.

At the trial of an action by a woman against a street railway company for personal injuries caused by the plaintiff slipping upon some tobacco spit about the size of a silver half dollar upon the step of a car of the defendant as she was leaving the car, if there is no evidence tending to show how or when the tobacco spit came upon the step and none that the conductor knew or had any reason to know of its presence there, it is proper to order the jury to find for the defendant, although the conductor of the car testifies that he recognized it as his duty under the rules of the company to see that no slippery substance was allowed to fall or remain on the steps of the car.

TORT for personal injuries alleged to have been caused by the plaintiff slipping upon some tobacco spit upon the rear step of a closed electric street car of the defendant as she was leaving the car.   Writ in the Municipal Court of the City of Boston dated December 29, 1909.

In the Superior Court the case was tried before *Quinn,* J.  Besides the facts stated in the opinion, there was evidence tending to show that the plaintiff boarded the car in question at Adams Square in Boston and that the injury occurred as she was alighting at L Street in that part of Boston called South Boston; that fifteen minutes before the car reached L Street it had left a transfer station on Dorchester Avenue, and that during that fifteen minutes the conductor had stood on the rear platform practically in front of the door of the car, from which position he could see, without leaning over, only the outer edge of the step; that in the rear vestibule with him until about two minutes before the car reached L Street were two men; that about twenty or twenty-five persons had passed over the step in question after the car left Dorchester Avenue; that at L Street a woman and a child alighted before the plaintiff and the conductor had got down from the car to lift down the child.  The conductor testified that he recognized it as his duty under the rules of the company to see that no

slippery substance was allowed to fall or remain on the car steps.

At the close of the evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. P. Murray,* for the plaintiff.

*S. E. Wardwell,* for the defendant.

DeCourcy, J. There was evidence for the jury of the plaintiff's due care, and we do not understand that the defendant contends to the contrary. The sole question here is that of the defendant's negligence, involved in the presence of some tobacco spit of the size of a silver dollar or half dollar on the rear step of the car.

Even if it be assumed that the presence of tobacco spit would produce a slippery condition on the car step, the plaintiff was bound to show that the defendant's conductor knew it was there, or by the exercise of the care owed to the plaintiff would have seen and removed it.

There is no evidence that the conductor knew the saliva was there. No witness in the case, with the exception of the plaintiff and the child Clausina Bookhaut, testified that the alleged condition existed even at the time of the accident; and no witness testified to its existence before the plaintiff alighted. The momentary presence of such a substance on the step would not render the defendant liable. *Goddard* v. *Boston & Maine Railroad,* 179 Mass. 52. *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227. There was nothing in its appearance from which the inference could be drawn that it had been upon the step for a considerable period of time. *Anjou* v. *Boston Elevated Railway,* 208 Mass. 273. The inference that it must have been there for two minutes, or since the preceding stop at H or I Street, is merely conjectural, for it might have come from some passing teamster or pedestrian or otherwise.

And the evidence fails to show that the conductor was negligent in failing to see this substance on the step before the plaintiff fell; his position on the rear platform, to the left of the controller, would enable him to see only the outer edge of the step. It was not something to be anticipated like the accumulation of mud and slime on rainy days, *Kingston* v. *Boston Elevated Railway,* 207 Mass. 457, or of snow and ice during our winter season. *Foster* v. *Old Colony Street Railway,* 182 Mass. 378. Nor did the testimony disclose any rule of the company imposing upon the con-

ductor a special duty to examine the car steps for tobacco spit. *Kingston* v. *Boston Elevated Railway*, 207 Mass. 457.

On the evidence presented the plaintiff was not entitled to go to the jury on the issue of the defendant's negligence.

*Exceptions overruled.*