NELLIE McNIFF *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* NEW ENGLAND MOTOR TRUCKING COMPANY.

JOHN McNIFF *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* NEW ENGLAND MOTOR TRUCKING COMPANY.

Suffolk. December 5, 1919. — December 8, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway, Motor vehicle. *Evidence,* Admissions, Competency, Presumptions and burden of proof. *Practice, Civil,* Interrogatories. *Interrogatories.*

At the trial of an action by a passenger upon a street railway car against a corporation operating a motor truck for personal injuries alleged to have been suffered by the plaintiff in a collision between the car and the truck, there was evidence tending to show that the collision occurred and that the truck struck against the front of the street car, that after the collision the plaintiff saw the truck "after it had bumped go up by us . . . pretty fast" by the left side of the car. *Held,* that such evidence did not warrant a finding of negligence on the part of the driver of the truck.

The action above described was tried at the same time with an action by the same plaintiff against the street railway company which operated the street car. In addition to the evidence above described, answers of the street railway company to interrogatories propounded by the plaintiff under the provisions of St. 1913, c. 815, were introduced and in them that company stated that, as the street car approached a street intersecting that on which it was running, the truck "came out of" the intersecting street "at a fast rate of speed and came directly in front of the" street car, which then was going about seven or eight miles an hour, that the street car was struck by the truck on the car's left front, the damage being to the vestibule and the left front step. *Held,* that there was no evidence warranting a finding of negligence on the part of the employees of the street railway company.

At the trial together of two actions of tort for personal injuries by the same plaintiff against different defendants, each action alleging the defendant therein to be

responsible for the injuries, answers by the defendant in one of these actions to interrogatories propounded by the plaintiff under St. 1913, c. 815, are not competent evidence against the defendant in the other action.

FOUR ACTIONS OF TORT, the first two being by a woman to recover for personal injuries alleged to have resulted from a collision of a street car, upon which she was a passenger, with a motor truck, and the second two being by her husband for consequential damages. Writs in the first and third actions dated July 20, 1917,. and in the second and fourth actions dated January 19, 1918.

In the Superior Court, the actions were tried together before *Callahan*, J. The material evidence is described in the opinion. At the close of the plaintiffs' evidence, the judge ordered verdicts for the defendant in each action. The plaintiffs alleged exceptions.

*W. B. Keenan*, (*G. H. Mellen* with him,) for the plaintiffs.

*S. R. Jones*, for the defendants.

BY THE COURT. These are actions of tort to recover damages suffered by a passenger seated within a trolley car of the Boston Elevated Railway Company, resulting from a collision between that car proceeding upon its track and a motor truck owned and controlled by the New England Motor Trucking Company.

There was testimony tending to establish the fact of collision. The evidence bearing upon the cause of the collision came almost wholly from the female plaintiff, neither the motorman of the trolley car nor the driver of the motor truck being called as witnesses. She testified that after the collision she saw the auto truck "after it had bumped go up by us . . . pretty fast" by the left side of the car. She was unable to tell whether the cause of the sudden stopping of the trolley car was the application of brakes by the motorman or the impact of the collision. She did not know where the automobile truck was when the collision happened, whether it had got pretty well across the track or where it was on the track when it happened. She did not see the truck strike against the car and did not see the truck at all before the jolt of the car. Whatever happened to her seemed to be the result of the truck striking against the front of the electric car. At the time of the collision the electric car was going at a medium rate of speed and was stopped quickly

In answer to interrogatories the Boston Elevated Railway Company described the accident as follows: "As the car was approach-

ing Rawson Street an auto truck came out of said Rawson Street at a fast rate of speed and came directly in front of the elevated car;" the electric car just before the time of the accident was going "about seven or eight miles an hour;" the electric car was damaged as follows: "damage to vestibule, left front step, and broken glass." It further appeared from the answers to these interrogatories that the electric car was struck on the left front end, and that the left corner of the other vehicle was struck.

The utmost effect of this evidence failed to show that the collision was caused by negligence. It does not fasten negligence upon either defendant.

The answers of the Boston Elevated Railway Company to the plaintiffs' interrogatories, whether believed or disbelieved, do not aid the plaintiffs as against that defendant. The case upon this branch is covered by *Stangy* v. *Boston Elevated Railway*, 220 Mass. 414. It is plainly distinguishable from *Doherty* v. *Boston & Northern Street Railway*, 207 Mass. 27, where there was some evidence of negligence of the defendant.

The answers of the Boston Elevated Railway Company to interrogatories, were not competent evidence against the New England Motor Trucking Company. *Edgerton* v. *Wolf*, 6 Gray, 453. *Rosseau* v. *Deschenes*, 203 Mass. 261. Answers to interrogatories in this respect stand upon the same footing as admissions or other statements made by third parties.

*Exceptions overruled.*