ESTHER SANDLER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     March 7, 1921. — March 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.* *Evidence,* Presumptions and burden of proof.

If, at the trial of an action of tort by a woman against a street railway company for personal injuries received by the plaintiff when a passenger, the plaintiff testified that, when she was seated in a car of the defendant which was "going

fast," she "heard a crash and the car gave a bang and" she fell to the floor, and other evidence tended merely to show that there had been a collision between the street car and a motor truck in front of it at intersecting streets, the doctrine of *res ipsa loquitur* does not apply and a verdict for the plaintiff would not be warranted.

TORT for personal injuries alleged to have been received when the plaintiff was a passenger upon an electric street car of the defendant. Writ dated October 8, 1914.

In the Superior Court, the action was tried before *Cox,* J., who, at the close of the plaintiff's evidence, which is described in the opinion, ordered a verdict for the defendant and reported the action to this court for determination, the parties agreeing that, if this court should be of the opinion that there was any evidence upon which the plaintiff was entitled to go to the jury, judgment was to be entered for the plaintiff in the sum of $1,000; otherwise, the verdict was to stand.

*I. H. Fox,* for the plaintiff.

*P. F. Drew,* (*C. S. Walkup, Jr.,* with him,) for the defendant.

BY THE COURT. The plaintiff, a passenger seated within one of the defendant's trolley cars "going fast" on a public street, "heard a crash and the car gave a bang and I fell right down on the floor" of the car and received injuries. Other witnesses testified that at intersecting streets an automobile truck was in collision with and in front of the trolley car. There was no evidence concerning the manner in which the truck and car came into collision. There is nothing in these facts to show any negligence on the part of the defendant. The doctrine of *res ipsa loquitur* has no application to these facts. The case is within the authority of many decisions. *Niland* v. *Boston Elevated Railway,* 213 Mass. 522. *Stangy* v. *Boston Elevated Railway,* 220 Mass. 414. *McNiff* v. *Boston Elevated Railway,* 234 Mass. 252. The case is plainly distinguishable from *Magee* v. *New York, New Haven & Hartford Railroad,* 195 Mass. 111, 113, *Doherty* v. *Boston & Northern Street Railway,* 207 Mass. 27, and cases of that nature on which the plaintiff relies.

*Verdict to stand.*