GENEVIEVE LABRIE *vs.* WALLACE B. DONHAM, receiver.

Bristol.   October 23, 1922. — January 22, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Street railway.   *Snow and Ice.*

At the trial of an action by a woman against the receiver of a street railway corporation for injuries sustained by slipping on the step of a street car operated by the defendant, the plaintiff testified that she boarded the car about five o'clock in the afternoon of a February 7; that she slipped and fell from the step about thirty minutes later when the car was stopped for her to alight; that the weather was cold and freezing; that when "she got on she noticed there was some ice on the step;" that "there was some ice on the step when she was stepping off" and she "guessed there was more ice then than when she boarded the car;" that when alighting she thought the ice to be about the thickness of a piece of paper. There also was evidence that it "had thawed most of the day" and "was slushy;" that there was slush on the middle step; that while the step was very slippery it was "not icy but had a mushy or slimy, smooth surface;" and witnesses for the defendant testified that there was nothing the matter with the car step except it was wet. There was no evidence that sand had been sprinkled on the step nor of any rule of the defendant or of the street railway company requiring that this should be done. *Held,* that

(1) Assuming that there was ice of the thickness of a piece of paper on the step of the car, there was nothing in the evidence to show how much of the step was covered by the ice nor how long it had been there;

(2) The mere fact that the step was wet and slippery when the plaintiff alighted, without further evidence tending to show the extent and cause of the condition and the length of time it had existed, did not prove that the defendant was negligent or that the car was defective;

(3) Judgment was ordered for the defendant.

TORT for personal injuries caused by slipping on and falling from a step of a street car operated by the defendant. Writ dated June 12, 1918.

In the Superior Court, the action was tried before *Lummus*, J. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The jury returned a verdict for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

*A. E. Seagrave*, (*C. L. Baker* with him,) for the defendant.

*D. R. Radovsky*, for the plaintiff.

CARROLL, J. The defendant is the receiver of the Bay State Street Railway Company. The plaintiff was injured by slipping on the step of one of its cars while alighting therefrom. She claims that because of ice on the step the car was defective.

The plaintiff testified that she boarded the car at the end of the line about five o'clock on the afternoon of February 7, 1918; that it left about ten or twelve minutes later; that she slipped and fell about half past five o'clock, when it was stopped for her to alight; that the weather was cold and freezing; that when "she got on she noticed there was some ice on the step;" that "there was some ice on the step when she was stepping off," and she "guessed there was more ice then than when she boarded the car;" that when alighting she thought the ice to be about the thickness of a piece of paper; and that the conductor was in the rear part of the car. The plaintiff's niece, who examined the step immediately after the accident, testified that "there was slush on the middle step but could n't say it was frozen over;" and a witness who was present when the plaintiff fell said, "She apparently collapsed and slipped to the street;" that while the step was very slippery, it was "not icy but had a mushy or slimy, smooth surface;" that it "had thawed most of the day;" that "it was slushy and it was the breaking up of a cold snap." The witnesses for the defendant testified that there was nothing the matter with the car step except that it was wet. There was no evidence that sand had been sprinkled on the step, nor of any rule of the defendant or of the Bay State Street Railway requiring that this should be done. In the Superior Court the defendant's motion for a directed verdict was denied and the jury returned a verdict for the plaintiff.

Assuming that there was ice of the thickness of a piece of paper on the step of the car, there is nothing in the evidence to show how much of the step was covered by the ice, nor how long it had been there. From all that appears the thin piece of ice described by

the plaintiff may have been of small size extending over only a small part of the car step. *Hotenbrink* v. *Boston Elevated Railway,* 211 Mass. 77. See *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227, 229.

*Foster* v. *Old Colony Street Railway,* 182 Mass. 378, is to be distinguished. In that case snow had been falling for several hours and had turned to rain and sleet when the accident happened; the car, which ran on a short route of about five minutes each way, had been waiting at the station for fifteen minutes at the time when the plaintiff became a passenger. The jury could have found that the conductor knew of the condition of the step. There was evidence that the rules required the conductor, in case of a storm, to sprinkle sand on the platform and steps every two or three minutes if necessary, and that there was no sand on the step when the accident happened, and it was held that the jury were warranted, under the circumstances of the case, in finding that the defendant could have prevented and had undertaken to prevent the open steps of this car from being slippery when the plaintiff alighted from it. In *Parker* v. *Middlesex & Boston Street Railway,* 237 Mass. 291, the plaintiff was injured by slipping upon ice on the step on the left hand side of an electric car on the morning of December 8, 1914.° It rained during the night of December 7 and on the morning of December 8, "there was a mixture of sleet and rain . . . turning into light snow." The ice was from a quarter to half an inch in thickness, covering all the step, and was "very solid;" and although the conductor sprinkled sand on the platform and on the steps on the right hand side of the car, he did not sprinkle sand on the steps on the left hand side. The jury could have found that the conductor knew of the dangerous condition of the step and should have taken means to remedy the defect. *Kingston* v. *Boston Elevated Railway,* 207 Mass. 457, rests on the principle that the defendant made it the duty of the conductor to clear the step and put sand on it provided for the purpose, whenever it was necessary, to prevent passengers from slipping. See *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476.

In the case at bar the mere fact that the step was wet and slippery when the plaintiff alighted, as testified to by some of the witnesses, without further evidence tending to show the extent

and cause of this condition and the length of time it had existed, did not prove that the defendant was negligent or that the car was defective. See *Hotenbrink* v. *Boston Elevated Railway, supra; Goddard* v. *Boston & Maine Railroad,* 179 Mass. 52; *Jennings* v. *Tompkins,* 180 Mass. 302.

*Exceptions sustained.*
*Judgment for the defendant.*