MARY E. O'NEILL *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.     March 6, 1924. — March 13, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Negligence*, Street railway: slippery substance in aisle of street car, sudden
starting of street car.   *Evidence*, Presumptions and burden of proof.

An action of tort against a street railway company for personal injuries
received by a passenger through slipping upon an apple in the aisle of
a car cannot be maintained upon evidence which tends merely to show
that the plaintiff slipped " on a dirty piece of apple core — black —
. . . It looked black," the color of the apple being no evidence as to
the length of time it had been in the aisle.

An action against a street railway company for personal injuries received
by a passenger due to alleged negligence of the defendant in a sudden
starting of the car cannot be maintained upon evidence tending merely
to show that the plaintiff, standing in the car, had hold of the handle
bar of a seat, that the car started with a sudden jerk and that she " fell
forward with great strength against the iron bar . . . The car started
to go over across the track, with a jerk, — it jerked, it stopped short
sudden and sent me back and forward up against the iron bar."

TORT for personal injuries received by the plaintiff while
a passenger on the car of the defendant.   Writ dated October
26, 1920.

In the Superior Court, the action was tried before *Irwin*, J.
Material evidence is described in the opinion.   At the close
of the evidence, by order of the judge, a verdict was entered
for the defendant.   The plaintiff alleged exceptions.

*R. T. Healey*, for the plaintiff.

*J. E. Hannigan*, for the defendant.

RUGG, C.J.   This is an action of tort by a passenger to
recover compensation for personal injuries received while
riding upon a car of the defendant.   There are two counts
in the plaintiff's declaration.   It is alleged in the first count
that the plaintiff slipped by reason of the negligence of the
defendant in allowing a greatly discolored portion of an
apple to remain in the aisle of the car.   The only evidence
tending to support this allegation was the testimony of the
plaintiff to this effect: " I got on the car at the corner of
Washington Street and Columbia Road . . . I took a seat

and I was nearing Quincy Street . . . and I got up to be near the door and I slipped on a dirty piece of apple core — black — . . . A woman assisted me to my feet and pointed at the time to it, the black apple core. . . . It looked black." There was no evidence as to the length of time it had been in the aisle. Its color was no evidence on this point. Upon the authority of numerous cases, there was no evidence of negligence on the part of the defendant on this count. *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52. *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227. *Hotenbrink* v. *Boston Elevated Railway*, 211 Mass. 77. *Norton* v. *Hudner*, 213 Mass. 257. *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19. *Sheehan* v. *Holland*, 231 Mass. 246. *Labrie* v. *Donham*, 243 Mass. 584. The case at bar is distinguishable from *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273.

It is alleged in the second count of the declaration that there was negligence in the sudden starting of the car. The evidence upon this point from the plaintiff was, that after being assisted to her feet " I had hold of the handle bar of the seat; the car had been going slowly, merely going, and the car made a sudden jerk over the crossing, and I fell forward with great strength against the iron bar. . . . The car started to go over across the track, with a jerk, — it jerked, it stopped short sudden and sent me back and forward up against the iron bar." Thereafter the car came to a standstill. Another witness testified that the car was " lurching " and stopped, " slowing on a dead brake." The acceleration of the speed of the car while it was in motion was not negligence. *Anderson* v. *Boston Elevated Railway*, 220 Mass. 28, and cases there collected. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. *Work* v. *Boston Elevated Railway*, 207 Mass. 447. *Martin* v. *Boston Elevated Railway*, 216 Mass. 361. *Jameson* v. *Boston Elevated Railway*, 193 Mass. 560. Sudden stopping without more was not evidence of negligence. *Stangy* v. *Boston Elevated Railway*, 220 Mass. 414. *Sandler* v. *Boston Elevated Railway*, 238 Mass. 148. *McNiff* v. *Boston Elevated Railway*, 234 Mass. 252.

*Exceptions overruled.*