CATHERINE O'BRIEN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    October 23, 1924. — October 24, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Elevated railway: slippery substance on station step.    *Evidence,* Matter of conjecture.

At the trial of an action by a woman against a street railway company to recover for personal injuries sustained by her, there was evidence tending to show that, while she was descending stairs in a station of the defendant, she stepped to one side in order to avoid an employee of the defendant who was sweeping the stairs, that as she proceeded " she felt her foot going from under her. . . . The surface of the step felt very slippery. . . . The front of the foot slipped right over a slippery substance." There was no evidence to indicate what this substance was or how long it had been there, and no witness saw it or described it. *Held,* that there was no evidence warranting a finding of negligence for which the defendant could be held liable.

TORT for personal injuries suffered by the plaintiff in consequence of falling upon stairs maintained by the defendant at its station in Boston called Park Street Under.    Writ dated January 27, 1921.

The action was tried in the Superior Court before *Lawton,* J.    Material evidence is described in the opinion.    At the close of the plaintiff's evidence, the trial judge ordered the jury to find for the defendant.    The plaintiff alleged exceptions.

*C. W. Blood,* for the plaintiff.

The defendant was not called on.

BY THE COURT.    This is an action of tort to recover compensation for personal injuries sustained by the plaintiff. The evidence in its aspect most favorable to the plaintiff tended to show that, while descending stairs in a station of the defendant, in order to avoid an employee of the defendant sweeping the stairs, she stepped to the other side, and the sweeper " stood so she would pass by — as she went down the third step . . . she felt her foot going from under

her. . . . The surface of the step felt very slippery. . . .
The front of the foot slipped right over a slippery substance."
There was nothing to indicate what this substance was or
how long it had been there.  No witness saw it or described
it.  The testimony was that there was on the stairs " simply
the sweeping . . . nothing except dust in it," " just a little
bunch where the porter was sweeping.  There was no skid
mark on the stairs."

There was no evidence of negligence on the part of the
defendant.  The case is governed by numerous decisions.
*Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52.  *Hoten-
brink* v. *Boston Elevated Railway*, 211 Mass. 77.  *Norton* v.
*Hudner*, 213 Mass. 257.  *Zugbie* v. *J. R. Whipple Co.* 230
Mass. 19.  *Labrie* v. *Donham*, 243 Mass. 584.  *O'Neill* v.
*Boston Elevated Railway*, 248 Mass. 362, and cases there
collected.

*Exceptions overruled.*