FLORENCE I. DEVINE, Respondent, *v.* EMPIRE STATE RAILROAD CORPORATION, Appellant.

Fourth Department, May 4, 1927.

Street railways — injuries to passenger — plaintiff slipped and fell in alighting from one of defendant's cars — after fall, banana skin was found adhering to her shoe — no presumption of negligence arose from mere fact plaintiff slipped upon banana skin and was injured — plaintiff must prove either that defendant knew of presence of banana skin, or in exercise of care should have known.

The plaintiff has recovered a judgment for damages claimed to have been suffered when she slipped and fell on a banana skin which was on the floor of defendant's trolley car.    There is no evidence to show when the banana skin became attached to plaintiff's shoe, although it appears that it was not there when she entered the car, nor was it shown whether it lay in the aisle or on the floor in front of the seat plaintiff occupied, nor as to whence it came or how long it had been in the car.    No presumption of negligence arose from the mere fact that the plaintiff slipped on a banana skin and was injured.    It was necessary for the plaintiff to prove that the defendant either knew of the presence of the banana skin or else in the exercise of the care demanded of it should have known that it was there.

APPEAL by the defendant, Empire State Railroad Corporation, from a judgment of the County Court of the county of Oswego in favor of the plaintiff, entered in the office of the clerk of said county on the 24th day of June, 1926, upon the verdict of a jury for $700, and also from an order entered in said clerk's office on the 12th day of July, 1926, denying defendant's motion for a new trial made upon the minutes.

*Williams & Cowie* [*Daniel Scanlon* of counsel], for the appellant.

*Avery S. Wright,* for the respondent.

PER CURIAM.   In alighting from one of defendant's cars, plaintiff slipped and fell, receiving the injuries for which recovery has been had.   After the fall, a strip of banana skin about an inch or an inch and one-half wide and about three or four inches long and dark colored, " very much the same color as the floor of the car," was found adhering to her shoe.   There were but two people in the car beside the motorman and herself, one a lady who sat directly in front of her and in the third or fourth seat from the front of the car; the other, a lady who sat just behind the motorman on the left side of the car.   No other person had been in the car for some twenty-five minutes, including ten to fifteen minutes that it stood upon a switch and during which time the motorman was engaged in conversation with the lady immediately behind him. Plaintiff fell when opposite the seat in front of her but just when the banana skin became attached to her shoe is not attempted to be shown, although it was not there when she entered the car; neither is it shown whether it lay in the aisle or on the floor in front of the seat which plaintiff occupied; as to whence it came or how long it had been in the car the record is equally silent; it may have been in the car when plaintiff entered or it may have been discarded by one of the other ladies but shortly before plaintiff fell.

No presumption of negligence arises from the mere fact that plaintiff slipped upon it and was injured.   Proof must be adduced from which it may be said that defendant either knew of its presence or else, in the exercise of the care demanded of it, should have known.   With less than this actionable negligence is not shown. (*Benson* v. *Manhattan R. Co.,* 31 Misc. 723; *Scholtz* v. *Interborough R. T. Co.,* 48 id. 619; *Kaplowitz* v. *Interborough R. T. Co.,* 53 id. 646; *Idel* v. *Mitchell,* 158 N. Y. 134; *Frank* v. *Muller,* 235 id. 540; *O'Neill* v. *Boston Elevated R. Co.,* 248 Mass. 362; 142 N. E. 904; *Hotenbrink* v. *Boston Elevated R. Co.,* 211 Mass. 77; *Goddard* v. *Boston & Maine R. R.,* 179 id. 52.)

The judgment and order should be reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.

All concur.   Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide the event.