AGNES L. KELLY *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.   January 11, 1929. — January 15, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Railroad.   *Evidence*, Matter of conjecture, Inference.

At the trial of an action of tort against a railroad corporation by a passenger on one of its trains, there was evidence that the plaintiff, as he seated himself in the train, suffered a sharp pain; that subsequently an embroidery needle was removed from his person; that a woman passenger who previously had occupied that seat had been embroidering and had "dropped a box off of the seat" which contained a needle and other articles used for embroidery; and that the conductor had picked up the box and its contents.   *Held*, that
   (1) An inference was warranted that the embroidery needle was left in the seat by the other passenger, and that the conductor failed to see and remove it when he picked up the other articles; the cause of the plaintiff's injury was not a matter of conjecture;
   (2) A finding of negligence on the part of the conductor was warranted.

TORT for personal injuries.   Writ dated March 8, 1926.

Material evidence at the trial in the Superior Court before *Walsh*, J., is stated in the opinion.   At the close of the plaintiff's evidence, the judge denied a motion by the de-

fendant that a verdict be ordered in its favor, and the jury found for the plaintiff in the sum of $1,900, which was reduced to $900 by the judge. The defendant alleged an exception.

*L. Wheeler, Jr.*, for the defendant.

*J. J. O'Hare*, for the plaintiff.

Rugg, C.J. This is an action of tort wherein the plaintiff seeks to recover compensation for personal injuries alleged to have been sustained by her while a passenger of the defendant.

There was testimony tending to show that as she seated herself in a car of the defendant she suffered sharp and severe pain, and that on leaving the train she was taken to the hospital where, after being etherized, an operation was performed and an embroidery needle extracted from her person. The evidence as to liability of the defendant came chiefly from a fellow passenger of the plaintiff who observed that a woman passenger was embroidering and that as she got up to leave she "dropped a box off of the seat," and the witness saw that it contained a needle and other embroidery articles; that thereafter the train conductor picked up the box and the contents; and that subsequently the plaintiff became a passenger, occupied this same seat, and appeared immediately to be in pain. This was sufficient to justify a finding of negligent conduct on the part of the defendant. The inferences are rational that the embroidery needle later extracted from the person of the plaintiff was left in the seat by the previous passenger; that the defendant through its conductor was advised of the presence of embroidery articles, in or near the seat, spilled from a box; that in gathering up these articles he omitted to see the needle which, in the exercise of the high degree of care required of the defendant toward its passengers, he ought to have seen and taken away; and that the injury to the plaintiff resulted from this act of negligence. A finding of cause and effect was warranted, and the cause of the injury was not left entirely to conjecture as in *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, and similar cases. The circumstance that the conductor saw the spilled contents of the

embroidery box and attempted to gather them up distinguishes the case from cases like *Lyons·* v. *Boston Elevated Railway,* 204 Mass. 227.

The decision of the case at bar rests upon the facts, as the jury might have found, that the conductor gave specific attention to the presence of articles spilled substantially at the place where the plaintiff was injured, that he attempted to remove them, and that he might have been found lacking in the requisite care in failing to discover the object which caused harm to the plaintiff.

*Exceptions overruled.*

### ·MEMORANDUM.

On the seventeenth day of January, 1929, the Honorable HENRY KING BRALEY died at Boston. He held the office of Associate Justice of this Court from the twenty-fourth day of December, 1902, until the time of his death.