Tomasello, J.,
dissenting: I find that I am unable to agree with the majority opinion.
The plaintiff seeks to recover for personal injuries sustained in a fall due to the presence of a foreign substance negligently permitted to remain upon the steps leading into the defendant’s department store.
At the close of the evidence and before final argument the defendant filed certain requests for rulings among which were the following:
“5. If the plaintiff, while on the premises of the defendant as an invitee, was injured as the result of a foreign substance on the stairs, the defendant, is not liable, if it or its employees did not know, of the existence of such foreign substance, and if there is no evidence to show how long the condition had existed before the accident to the plaintiff.
6. The defendant or its agents or servants did not know of the existence of the foreign substance on the stairs and said condition has not continued for a sufficient time for the defendant to be chargeable with the knowledge thereof, and, therefore, the plaintiff cannot recover.
7; If the plaintiff was caused to fall by a foreign substance there is no evidence that anyone for whose conduct the defendant is responsible placed it there, or negligently permitted it to remain there longer than it would if due diligence had been exercised”.
The trial judge, in denying these requests for rulings, erred. Requests for rulings, 5, 6, and 7, presuppose the existence of a foreign substance, since knowledge is dependent upon the existence of the subject matter.
The evidence was insufficient to show that the defendant knew or that it should have known of the presence of the foreign substance. There was evidence tending to prove *137 that if the substance in question was present upon the steps, that the • defendant had sufficient opportunity of knowledge of its existence, but the evidence most favorable to the plaintiff of the presence of any foreign substance was her testimony that while descending the stairway leading to defendant’s premises, “her foot was taken so quick from under her, her left foot, and she felt Uke stepping in a soft substance, her foot slipped and she fell forward on her knees on the platform at the foot of the stairway”.
It may be true that the defendant had had time the night before and the morning after to. clean up the stairs and in the process to remove the substance if it was then present upon the stairs. The difficulty with that position is that there is no evidence that the substance was there to be removed if the stairs had been cleaned at the time the defendant is alleged to have cleaned them. O’Leary v. Smith, 255 Mass. 121, 123.
To conjecture that the substance had been there so long that those in charge should have found it and taken it away is no more justifiable than to suppose that the substance had adhered to the plaintiff’s shoe .and that she had herself brought the substance upon.the stairs, Cartoof v. F. W. Woolworth Co., 262 Mass. 367, 368, or that she had stepped upon a rubber ball or other substance permitted unnoticed by her to have beén propelled to a point ahead of her by a stranger proceeding from the rear.
Such evidence at most leaves much to imagination and conjecture. Inference should not be confused with mere imagination and conjecture. The burden of proving the defective condition of . the stairway and the existence of the foreign substance was. upon the plaintiff. There was nothing to indicate what this substance was. There is nothing whatever to warrant an inference that the step *138 was defective or that the defendant was negligent. O’Brien v. Boston Elevated Rwy. Co., 250 Mass. 192, Sheehan v. Holland, 231 Mass. 246.