No. 2976 Northern Middlesex, ss
GIBBONS (Richard C. Sheppard)
v. S. S. KRESGE CO. (Sawyer, Hardy, Stone and Morrison)
From the First District Court of Eastern Middlesex, Brooks, J.
Argued October 8, 1941—Opinion Filed November 24, 1941

SULLIVAN, J. (Jones, P.J. & Wilson, J.)—This is an action sounding in tort for personal injuries alleged to have been received by the plaintiff while a customer in the restaurant of the defendant and for medical attendance.

There was a finding for the defendant. The plaintiff requested six rulings, which were denied.

There was evidence taken in its aspect most favorable to the defendant tending to show that the plaintiff as a customer of the defendant resorted to the latter's restaurant for a meal and that after a delay, passed along an aisle toward a vacant table, and while passing a table occupied by two women and two children, tripped over two bundles that were in the aisle, causing the injuries alleged; that the bundles mentioned had been placed flat under the table occupied bp the women and children by a waitress of the defendant; that when the plaintiff was picked up the two bundles were found in the aisle where the plaintiff had fallen. There was no evidence as to who caused the bundles to be in the aisle nor as to the length of time they had been there. There is no evidence that the third bundle was disturbed from the position in which it was placed.

It is the contention of the plaintiff that it was a negligent act on the part of the waitress to have so placed the bundles because of the proximity of the children, as a prudent person would know that the children might kick them into the aisle.

It does not appear from the report as to the manner by which the bundles rested in the aisle. There are contentions set out in the plaintiff's brief that are not substantiated by evidence. Such contentions have no weight with us, and cannot be considered.

Some of the evidence so set out in the plaintiff's brief is misleading. There is no evidence as to the age of the children, nor the size of the table, and the accident is one that is left to conjecture and uncertainty.

There must be some evidence that the defendant had notice of the presence of the bundles in the aisle to charge it with responsibility, Lyons v. Boston Elevated Railway, 204 Mass. 227 at 229.

There is no evidence that the employees of the defendant

had or should have had any knowledge of the presence of the bundles in the aisle.

See *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52; see also *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, and list of cases cited on page 525.

It would appear from the plaintiff's brief that she argues error in the denial of requests 1, 5, and 6.

These requests raise the question of the sufficiency of the evidence. The trial court had found that he is "not prepared to find that it was a negligent act to place the other bundles on the floor under the table in order to get them out of the aisle."

The requests are properly denied because they became immaterial in view of his express findings of fact. *Strong* v. *Haverhill Electric Co.*, 299 Mass. 455, 456 and cases cited. *Marquis* v. *Messier*, 303 Mass. 555, 556.

There was credible evidence to warrant the finding for the defendant. *Howard* v. *Malden Savings Bank*, 300 Mass. 208, and 214.

Report dismissed.