## Vogt v. Cincinnati, Newport & Covington Street Ry. Co.

April 25, 1950.

Rodney G. Bryson, Judge.

R. Howard Smith for appellant.

Arthur J. Daly, Stephens L. Blakely and Marion W. Moore for appellee.

JUDGE KNIGHT—Affirming.

Appellant brought this suit against appellee for damages allegedly caused by the negligent operation of a trolley coach owned and operated by appellee on which appellant was a passenger. On the trial before a jury and at the conclusion of appellant's evidence, the lower court sustained appellee's motion for a peremptory instruction and the jury returned a verdict accordingly. This appeal is from a judgment based on that verdict. The propriety of that ruling is the ground upon which reversal is sought.

The general allegation of negligence contained in the petition was that at, near, or within the intersection of Third and Scott streets in Covington, the trolley coach in which appellant was a passenger collided with a truck as a result of which she was precipitated from her seat with great force and violence causing the injuries complained of.

To sustain this allegation, the testimony of appellant was that she was sitting alone on the first cross seat on the right side of the coach, that is, the first seat past the seat that runs longitudinally along the front. Asked to describe the accident in her own way, she said: "Well, the bus stopped there and finally it started and I looked out and was wondering why we didn't go and finally he started a little bit again and then there was a yellow light and the first thing you know he started and bang, there was a crash and then I was on the floor and I don't remember anything until I was picked up."

She then detailed her injuries and how she was taken to her home by an inspector for the appellee company, which matters are not important for our purpose here. Asked further about the traffic signal—the yellow light— she said: "It started to turn yellow and I was wondering why he didn't keep going, and he started and stopped, finally he went a little bit further, he kind of throwed on his brake and with that—and with that something slipped in the bus, and down I went, there was a crash

and that's all I remember until they picked me off the floor."

The only testimony, except her own, introduced by appellant as to the accident was that of an acquaintance who was on the coach when it occurred. She testified that she did not know how the accident occurred but heard the crash between the coach and truck at Third and Scott streets and that after the crash she saw appellant lying on the floor and later saw her helped up and put on a seat.

This is the substance of appellant's testimony as to how the accident occurred and she insists that it is sufficient to take the case to the jury, relying on a number of old cases decided before this Court's decision in Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. 2d 877, abandoning the scintilla rule. Appellee insists that under the Nugent case all decisions relied on by appellant are outdated. The real defense relied on by appellee is that since appellant sued only the carrier and did not make the owner or driver of the truck, which collided with the carrier, a party, it was up to her to prove that the accident was caused by the negligence of the carrier, appellee herein, which it contends she failed to do. We quote from appellee's brief which states the question succinctly as follows: "The question raised by this case, simply put, is this: In the light of modern traffic conditions, where a carrier passenger is injured in an intersection collision and the passenger elects to sue only the carrier, may such a passenger recover by simply showing the collision and rely on the 'res ipsa loquitur' rule, or shall such a passenger, the allegation of negligence being denied, be required to show some actual definite breach of duty by the carrier?"

The precise question here raised has not been passed on by this court although a somewhat similar situation arose in two old cases which will be later referred to. Decisions in other jurisdictions are in conflict. In discussing the subject, it is said in 10 Am. Jur. page 379, Sec. 1635: "There is some difference of opinion as to whether a passenger who is injured in a collision between the vehicle of the carrier in which he is riding and another vehicle or object not under the carrier's control can invoke the doctrine of res ipsa loquitur. In many cases, the view is taken that the doctrine

of res ipsa loquitur is not applicable in the instance of injury to a passenger in a collision between the carrier's vehicle and another vehicle or object which is not under the carrier's control. This rule has been applied in the case of a collision between street cars owned by different companies, a street car and a railroad train, a street car and a wagon or motor vehicle, and a taxicab and another vehicle not under the taxicab owner's control. Other authorities take the view that the fact that the other vehicle is not under the carrier's control does not prevent the application of the rule of res ipsa loquitur to a collision resulting in injury to a passenger.''

This conflict of opinion is also shown in two annotations on the subject in 25 A. L. R. 690 and 83 A. L. R. 1164 where the decisions of other jurisdictions are assembled and discussed.

In the first note above referred to, two old Kentucky cases are cited in support of the doctrine that the want of control over the other vehicle by the carrier of a passenger injured in a collision does not take the case out of the doctrine of res ipsa loquitur. One of these is Central Passenger Ry. Co. v. Kuhn, 1888, 86 Ky. 578, 6 S. W. 441, 9 Am. St. Rep. 309. In that case both the street railway company, on which the plaintiff was a passenger, and the L. & N. R. Co., one of whose trains collided with the street car, were made defendants and the verdict was against both since negligence of both was shown. That case is clearly distinguishable from the case at bar in which the other party to the collision, the owner of the truck, was not made a party defendant and there was no evidence of negligence on the part of the appellee railway company. It is conceded by appellee that if the truck owner involved in this accident had been made a party defendant, it would not have been necessary for appellant to prove which was negligent and the explanation would have had to come from them but, having chosen the actor to be charged with negligence, she assumes the burden of proving her case against that one.

The other case referred to in the above note, Central Passenger Ry. Co. v. Bishop, 1887, 9 Ky. Law Rep. 348, is more nearly in point in that the only carrier on which the passenger was riding was made a defendant. In that case there was a collision between defendant's

street car and a railroad train belonging to another company. In that case the Court said: "If the accident was not caused by a defect, it must have been produced by mismanagement or a *vis major*. If evidence shows it was the latter, the hypothesis of mismanagement is excluded, and there is no basis for any presumption. The plaintiff must then go further, and show that the carrier is responsible for or notwithstanding this *vis major*."

In summarizing the evidence in that case the opinion shows the driver of the street car, which was operated by mule-power, was negligent and either did not hear or did not heed the whistle or the bell of an oncoming train, but came to the crossing in a fast trot and attempted to drive his mules across under the lash. The evidence therefore did not exclude mismanagement as a cause of the accident, but very strongly suggested it, even on the assumption that the train men were guilty of grossest negligence. Judgment for damages was affirmed. It is thus apparent that that case is distinguishable from the case at bar in that negligence of the carrier on which the passenger was riding was shown, while in the case at bar none was shown.

In examining the conflicting opinions involving the application of the doctrine, it is shown clearly that in some cases where the courts apparently affirm in general terms the applicability of the rule, res ipsa loquitur, in case of an injury to a passenger in a collision, although one of the vehicles was not within the carrier's control, the inference of negligence on the carrier's part was aided by attendant circumstances, in addition to the fact of the collision itself, which tended to indicate negligence in fact on the part of the carrier as a responsible human cause of the particular accident in question. On the other hand, in some cases which apparently deny in general terms the applicability of res ipsa loquitur where one of the vehicles is not under the carrier's control, there were attendant circumstances which tended to negative negligence on the carrier's part. See Note 25 A. L. R. page 691.

Among the conflicting decisions found in the first note, perhaps the one in which the facts were nearest to the facts in the case at bar, was that of Sandler v. Boston Elev. R. Co., 238 Mass. 148, 130 N. E. 104, where it appeared that a passenger in a trolley car going fast on

a public street heard a crash, the car gave a bang and the passenger fell down on the floor and was injured. Other witnesses testified that at a street intersection an automobile struck or was in collision with the side of the car and there was no evidence concerning the manner in which the truck and car came into the collision. It was held that there was nothing in such facts to show any negligence on the part of the railroad company and the doctrine of res ipsa loquitur had no application.

It appears to be well settled under our decisions applying the res ipsa loquitur rule that the instrumentality causing the injury must be under the exclusive management and control of the defendant. Grigsby v. Smith. 285 Ky. 48, 146 S. W. 2d 719; Kentucky Utilities Co. v. Sutton's Adm'r, 237 Ky. 772, 36 S. W. 2d 380. In the case at bar it is pleaded that the collision complained of was with a truck. Appellee exercised no control whatever over this trucfl. The collision may have been caused entirely by the negligence of the driver of the truck as there is no proof showing that the collision was caused by the negligent operation of the trolley coach. Under the law, accidents of this kind are required to be reported to the proper authorities, KRS 187.320 and KRS 189.630, and appellant could no doubt have obtained the information necessary to have made the other party to the collision a defendant. Had she done so, it would only have been necessary to show by her evidence that she was a passenger in the trolley coach of appellee and that a collision occurred. It would then have become the duty of the carrier and the truck driver to have shown their respective positions and to have shown, if possible, that the negligence was that of the other. Here, she chose to name only the carrier, thus placing upon herself the burden of showing some definite breach of duty by the carrier.

The appellee, being a common carrier of passengers for hire, is required to exercise the highest degree of care for the safety of its passengers. However, the appellee was not an insurer of the safety of the appellant while she was traveling on its trolley coach as a passenger. The appellant took upon herself the risks necessarily incident to traveling on a trolley coach including the risk of being injured by the negligent act of a third person against whom she would have recourse. The fact that the appellee was required to use the highest degree

674

of care does not, in itself, imply that if there be a collision, the carrier is presumed to have been negligent.

Appellant having assumed the burden of proving a breach of duty by the appellee was required to establish, by proof of facts, negligence on the part of the appellee. This, she failed to do, hence, the trial court did not err in taking the case from the jury.

Wherefore the judgment is affirmed.