## MARY E. STANTON *vs.* CITY OF SALEM.

Essex.   Nov. 2, 1887. — Jan. 4, 1888.   DEVENS & KNOWLTON, JJ., absent.

In an action against a city for personal injuries sustained by an alleged defect in a highway, the plaintiff testified, that, while walking on a sidewalk in the city, he struck his foot against some ice on the sidewalk which projected about two inches above the sidewalk, fell, and received the injuries complained of; and that the ice was hobbly, and had the marks of footprints upon it. A witness, who examined the ice the next day, testified that it was about three feet in length, and a foot and a half wide; that the edge, against which the plaintiff testified that he struck his foot, was such as would be formed by anything wearing away a perpendicular surface; and that the ice had apparently been left, when other ice on the sidewalk had been cut away. There was also evidence that snow had fallen on the third, fourth, and fifth days before the accident, but not on the day of the accident or on the day before. *Held*, that there was no evidence to be submitted to the jury on the question whether the proper officers of the city might, by the exercise of reasonable care and diligence, have had knowledge of the defect in time to have remedied it.

TORT, for personal injuries sustained by the plaintiff, a minor, by falling on a sidewalk on Winter Street in the city of Salem.

Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows :

The plaintiff testified as follows : " About nine o'clock on Monday morning, December 21, 1885, I was walking on the sidewalk in front of the dwelling-house occupied by George R. Jewett, No. 24 Winter Street in Salem. I struck my foot against a piece of ice which projected above the level of the sidewalk about two inches, and fell down and sprained my ankle. A small gutter crossed the sidewalk where I fell, and the ice was on the side of the gutter nearest the Common. After I fell, a lady assisted me up, and I sat on the stone steps in front of the Jewett house, which steps are about four feet from where I fell. I remained on the steps for a half-hour, and noticed the condition of the ice on the sidewalk. It was about two inches thick, and longer than it was broad. The top or surface of the ice was very hobbly."

On cross-examination, she testified as follows : " There was a little ice in the gutter which crossed the sidewalk in front of the Jewett house. The streets were very frosty that morning, and very slippery. I was walking in the middle of the side-walk. I fell just before I got to the steps in front of the Jewett house. The gutter is very near the steps. I fell after I passed the gutter. I am sure I crossed the gutter because the ice that I struck my foot against was on that side (the Common side) of the gutter. I noticed the ice after I fell. The ice was on the bricks on the side of the gutter. I did not see any ice before I fell. I looked at the ice after I fell. While sitting on the steps I noticed the condition of the ice. It was very hobbly, as if some one had trampled on it. Foot-prints and marks of shoes were on it. The ice looked as though it had been left there, and had not been shovelled."

It was admitted that the sidewalk was of proper construction and width, of no unusual slope, and was of brick; and that, except as herein stated, it was entirely clear of snow and ice.

Charles H. Gilbert, a hack-driver, called by the plaintiff, testified as follows : " I went to Winter Street, Salem, about half-past nine on Monday, December 21, 1885. I found the plaintiff sitting on the steps in front of the Jewett house on Winter Street. I got another man, and we took the plaintiff

in our arms and carried her into the coach. I drove her to her house in Beverly. My attention was called by a lady to the place ; there was a little ice there ; I could not swear how long or how thick it was ; perhaps the ice ran half-way down the sidewalk. The ice was a little rough, as if somebody had been kind of chopping it up and had left it there."

William J. Berry, a civil engineer, testified that on Tuesday, December 22, 1885, being the day after the accident, about one o'clock P. M., he went in company with the plaintiff's counsel for the purpose of making measurements of the sidewalk where the alleged accident happened ; that he found a stone gutter leading from the westerly corner of the Jewett house crossing the sidewalk ; that the sidewalk was clear of snow and ice in front of the Jewett house, showing the bricks, with the exception of a small piece of ice which was on the easterly side of the stone gutter ; that the ice was three feet in length on the gutter, that is, across the sidewalk on the stone gutter, and it was a foot and a half in the direction toward the Common, that would be perpendicular to the gutter, and the outline of it was roughly irregular between the measurements taken across it, roughly circular . joining those points ; that the position of it was about the middle of the sidewalk.

On cross-examination, he testified that his impression was that it was quite cold, thawing in the sun, and quite cold in the shade ; that the streets were wet except in some places, and water was coming off the eaves of the Jewett house ; that the gutter was clear ; that he did not notice any water falling upon the sidewalk in front of the Jewett house ; that there could not be any doubt but that the ice was left on the sidewalk after ice had been cut off the sidewalk ; that the ice was one inch and a half at the thickest point ; that it started level with the edge of the gutter, and then it rose rapidly and sharply for possibly two or three inches of its length, and then it was substantially level out towards the centre, and the greatest depth of the ice was one inch and a half ; and that the edge was such an edge as would be formed by anything wearing away a perpendicular surface.

The plaintiff put in evidence a notice served upon the defendant within thirty days of said injury, stating the time, place,

and cause of the injury as required by law; and also put in evidence the weather record kept at the police station in Salem, showing that it was snowing at ten o'clock in the evening of December 17, 1885, at one o'clock and at five o'clock in the morning of the 18th, and at five o'clock in the morning of the 19th; and that the weather was clear or cloudy on the 20th and the 21st until sunset, when there was snow.

At the close of the plaintiff's case, the defendant asked the judge to rule that the action could not be maintained. The judge so ruled. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*D. W. Quill,* for the plaintiff.

*F. L. Evans,* for the defendant.

MORTON, C. J. In an action brought under the Pub. Sts. *c.* 52, § 18, the burden is upon the plaintiff to show, not only a defect in a highway, but also that the defect was one which the proper officers either had knowledge of, or, by the exercise of reasonable care and diligence, might have had knowledge of, in time to have remedied it or to have prevented the injury complained of. *Hanscom* v. *Boston,* 141 Mass. 242, and cases cited.

In the case at bar, the plaintiff was injured by stepping upon ice about two inches thick which had formed upon the sidewalk. If we assume this to have been a defect, there is no evidence in the case as to how it was formed, or how long it had existed. No witness saw it before the accident, and there was no evidence to show that any officer of the city either knew of it, or could, by reasonable diligence, have known of it, before the injury to the plaintiff. She failed to meet the burden of proving her case, and the court rightly directed a verdict for the defendant. *Exceptions overruled.*