ANNIE ROSEN *vs.* CITY OF BOSTON.

Suffolk.    November 14, 15, 1904. — January 6, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Evidence*, Presumptions and burden of proof.    *Municipal Corporations*, Liability for accident on ferryboat operated by city.    *Carrier*, Of passengers.

In an action against a city for injuries caused by the plaintiff slipping on a lump of ice frozen upon the deck of a ferryboat operated by the defendant, if it appears that the accident happened on the twenty-fifth of January and no evidence is introduced as to the actual temperature, it will be presumed to have been that of ordinary winter weather.

In an action against a city, for injuries sustained while a passenger on one of a line of ferryboats operated by the defendant, caused in ordinary winter weather by the plaintiff slipping on a lump of ice about three inches long and an inch and a half wide, about as thick as a person's finger and in the middle a little higher, frozen to the deck so solidly that it could not be picked off by hand, in which it is admitted for the purposes of the case that the liability of the defendant is that of a carrier of passengers, the plaintiff on showing these facts has made out a *prima facie* case entitling him to go to the jury.

In an action against a city for injuries sustained while a passenger on one of a line of ferryboats operated by the defendant, in which it is admitted for the purposes of the case that the liability of the defendant is that of a carrier of passengers, it is no defence that the plaintiff and her mother, the only witnesses, illiterate and ignorant women, do not know the name of the ferryboat on which the accident happened, and it is for the jury to say whether the inability of the witnesses to give the name of the boat proceeds from their ignorance or is evidence that the whole claim is a fraud.

TORT by a passenger on an East Boston ferryboat operated by the city of Boston, for injuries from a fall alleged to have been caused by slipping on a lump of ice allowed to accumulate on the portion of the deck of the ferryboat used by travellers as a

passageway in landing.  Writ in the Municipal Court of the City of Boston dated February 19, 1902.

On appeal to the Superior Court the case was tried before *Lawton,* J., who refused to rule that the plaintiff could not recover, and submitted the case to the jury.  The jury returned a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*P. Nichols,* for the defendant.

*J. E. Young,* for the plaintiff.

LORING, J.  In this case the plaintiff slipped on a piece of ice on the deck of one of the defendant's ferryboats.  She was a passenger at the time, from East Boston to Boston, together with her mother and sister in law.  They had left the ladies' cabin and were on their way over the open space for foot passengers, forward of the house containing the cabin, when she slipped and fell so violently as to throw her baby, which she had in her arms, over on to her back.  She described the piece of ice as a thin piece the size of a cake of soap, about three inches long and an inch and one half wide.  Her mother (who was the only other witness) testified that after the plaintiff fell she went to see " what was the reason she fell there."  She described the piece of ice as the plaintiff did, and added that she tried to pick it up but could not because it was frozen to the deck ; that " it was about as thick as your finger," and " in the middle it was a little higher."  The accident happened on or about January 25, 1902.  The defendant conceded that it was liable as a common carrier, put in no evidence in defence except the statement of its examiner of claims that he was told to investigate the case and had been unable to find out anything about it, but asked for a verdict on the testimony of the plaintiff and her mother.  This was denied and the jury found for the plaintiff. The case is here on an exception to the refusal of the judge to direct a verdict for the defendant.

We are of opinion that the plaintiff made out a *prima facie* case.  No evidence having been put in as to the temperature, it must be taken to have been ordinary winter weather.  In ordinary winter weather, such a piece of ice frozen to the deck so that it could not be picked off would not have frozen while the boat was running from East Boston to Boston, as the defendant

contends might have been the case. That takes the case out of *Goddard* v. *Boston & Maine Railroad,* 179 Mass. 52. And we are of opinion that in respect to keeping this part of the deck in a fit condition for passengers going over it, the degree of care due on the part of the city as a common carrier is greater than that due from a town to keep its highways free from defects, both from the fact that this passageway is small, that passengers go over it in a crowd, and that the defendant's liability is conceded, for the purposes of this case, to be that of a carrier of passengers. That would distinguish this case from *Stanton* v. *Salem,* 145 Mass. 476, the other case in this Commonwealth principally relied on by the defendant, if that case were not distinguishable on the ground that the statutory liability of a town for a defect in a way is limited to cases where the town might have had notice of the defect complained of by the exercise of proper care.

The only other argument made in defence is the injustice of allowing this plaintiff to recover when she and her other witness testified that they did not know the name of the ferryboat on which the accident happened. The testimony of both witnesses given in the bill of exceptions shows that they were not only illiterate but ignorant. Without knowing the name of the boat it must be conceded that the defendant could not practically prepare a part of its defence. But it was for the jury to say whether this proceeded from the ignorance of the plaintiff and her mother, or was evidence that the whole claim was a fraud.

*Exceptions overruled.*