## LULU G. MacLAREN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 19, 20, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Elevated railway, In care of station.

It is the duty of an electric railway company which maintains a station in a subway in a city to keep the stairways by which passengers enter and leave the station in a reasonably safe condition for travel.

Evidence tending to show that a stairway in a station of an electric railway in a subway in a city, which was used by passengers as a means of exit from the station, was equipped with a suitable tread, but was allowed by employees of the company operating the railway and maintaining the station to become muddy and slippery, and that a passenger in leaving the station slipped upon the mud and was injured, will warrant a verdict for the plaintiff in an action of tort by such passenger against the railway company to recover for the injuries received by reason of the fall, because it would warrant a finding that the defendant did not maintain the stairway in a reasonably safe condition.

TORT for personal injuries alleged to have been received by the plaintiff by reason of her falling upon the steps of a station of the defendant at Scollay Square in Boston. Writ in

the Superior Court for the county of Suffolk dated October 16, 1903.

At the trial, which was before *Hitchcock*, J., it appeared that the plaintiff had arrived at the Scollay Square subway station on an elevated train from Park Street, that the step upon which she fell was about half way up the second flight toward the street, and that the steps were equipped with the Mason tread, which was a suitable one.   Other facts are stated in the opinion.

At the close of the evidence, the presiding judge refused to direct a verdict for the defendant, the jury found for the plaintiff, and the defendant alleged exceptions.

*H. S. MacPherson & W. H. Foster*, for the defendant.

*J. L. Putnam*, for the plaintiff.

BRALEY, J.   At the time of the accident, although the plaintiff had left the car on which she had been a passenger, it was the defendant's duty to maintain the stairway by which she must make her exit to the street in a reasonably safe condition for travel.   *Keefe* v. *Boston & Albany Railroad*, 142 Mass. 251.   If the defendant allowed the steps to become covered with a thin coating of mud, whereby they became slippery and unsafe, it failed to perform this duty and is liable in damages for the injury.   Upon the conditions of the weather at the time, the parties were sharply in conflict.   The evidence for the plaintiff described them as unpleasant, with a hard rain in the morning, although fairly clear in the afternoon, while the defendant's witnesses, with one exception, testified that after seven o'clock the day was cloudy with a mist or slight trace of rain until nearly noon, followed by a dry and pleasant afternoon. They were equally in discord as to the condition of the steps. By the plaintiff's description, in ascending she stepped upon some wet mud, with which they were covered, and fell face downwards.   But the defendant's porter, watchman, and station master all concurred in saying that the steps had been kept covered with sawdust during the rain or mist, and that, when it ceased, they were cleaned and had become dry before the plaintiff passed over them.   There was, however, uncontradicted evidence that the day of the accident had been preceded by nearly a week of rain, and that, in the arrangement of the station, one stairway was used for both ingress and egress, divided

by a hand rail. If the street had become muddy from continued rain or dampness, the jury from common experience would be warranted in finding that mud, which under these conditions necessarily must have been tracked in and deposited by incoming and outgoing passengers, might remain on both sides of the stairway, or spread from one side to the other unless constantly removed.

It manifestly was for the jury under proper instructions to determine where the truth lay. If it appeared by their verdict that they accepted the plaintiff's narrative as being more consistent and credible than the testimony of the defendant's witnesses, this conclusion is not an error of law.

*Exceptions overruled.*