HELEN G. ANJOU *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 11, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, Elevated railway: care of station.

At the trial of an action against an elevated railway company to recover for personal injuries received by the plaintiff and due to his slipping upon a banana peel on the upper platform of a station of the defendant as he was following an employee of the defendant who was directing him to another car, there was evidence tending to show that it was the duty of certain employees of the defendant, one of whom was at the station all the time, to observe and to remove whatever was upon the platform to interfere with the safety of travellers. The description of the banana peel by different witnesses was that it "felt dry and gritty as if there were dirt upon it," as if "tramped over a good deal," as "flattened down, and black in color," "every bit of it was black, there wasn't a particle of yellow," that it was "black, flattened out and gritty." *Held*, that the question of the defendant's liability was for the jury, who might have found that the banana peel had been upon the platform for a considerable period of time and had been left there negligently by employees of the defendant in violation of the defendant's duty to keep its station reasonably safe for its passengers.

RUGG, J.    The plaintiff arrived on one of defendant's cars on the upper level of the Dudley Street terminal; other passengers arrived on same car, but it does not appear how many. She waited until the crowd had left the platform, when she inquired of one of defendant's uniformed employees the direction to another car. He walked along a narrow platform, and she, following a few feet behind him toward the stairway he had indicated, was injured by slipping upon a banana peel. It was described by several who examined it in these terms: it "felt dry and gritty as if there were dirt upon it," as if "trampled over a good deal," as "flattened down, and black in color," "every bit of it was black, there wasn't a particle of yellow" and as "black, flattened out and gritty." It was one of the duties of employees of the defendant, of whom there was one at

this station all the time, to observe and remove whatever was upon the platform to interfere with the safety of travellers. These might have been found to be the facts.

The inference might have been drawn from the appearance and condition of the banana peel that it had been upon the platform a considerable period of time, in such position that it would have been seen and removed by the employees of the defendant if they had performed their duty. Therefore, there is something on which to base a conclusion that it was not dropped a moment before by a passenger, and *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, and *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227, are plainly distinguishable. The obligation rested upon the defendant to keep its station reasonably safe for its passengers. It might have been found that the platform was suffered to remain in such condition as to be a menace to those rightfully walking upon it. Hence there was evidence of negligence on the part of the defendant, which should have been submitted to the jury. *MacLaren* v. *Boston Elevated Railway*, 197 Mass. 490. *Foster* v. *Old Colony Street Railway*, 182 Mass. 378. *Rosen* v. *Boston*, 187 Mass. 245. *Kingston* v. *Boston Elevated Railway*, 207 Mass. 457.

In accordance with the terms of the report,* let the entry be

*Judgment for the plaintiff for $1,250 with costs.*

*J. J. Cummings,* (*H. J. Dixon* with him,) for the plaintiff.

*J. E. Hannigan,* for the defendant, submitted a brief.

---

* The case was tried before *Brown,* J., who, at the close of the evidence, by agreement of the parties ordered a verdict for the defendant and reported the case to this court for determination, the agreement stating: " If there was any evidence of negligence on the part of the defendant which should have been submitted to the jury, then judgment shall be entered for the plaintiff for $1,250 with costs of suit. Otherwise, the verdict to stand."