MITCHELL SISSON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 3, 1931. — December 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Street railway: slippery substance on subway stair.

At the trial of an action of tort against a street railway company for personal injuries sustained when the plaintiff, in ascending a stairway from a subway station of the defendant, slipped on a substance upon a tread of a step, there was evidence that the substance looked like an old apple, was "black and dirty and covered with grime," and appeared to have been trampled upon; that it was all flattened down and adhered to the metal stair and was entirely dry except where the plaintiff's toe had slipped on it, at which place it had a moist "skid mark"; that it was a little less in size than the palm of the hand; that some of it was on the sole of the plaintiff's shoe; and that a porter, whose duty it was to keep the stairs clean, was on duty when the accident occurred.   A verdict was ordered for the defendant. *Held,* that the evidence did not warrant a finding that the substance on which the plaintiff slipped had been on the step so long that it should have been discovered and removed by the employee of the defendant who had the duty of keeping the stairway clean; and that the verdict rightly was ordered.

TORT.   Writ dated April 4, 1928.

In the Superior Court, the action was tried before *T. J. Hammond,* J.   Material evidence is described in the opinion. The judge ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*W. J. Kenney,* for the plaintiff.

*S. P. Sears,* for the defendant.

SANDERSON, J.   This is an action of tort in which the plaintiff seeks to recover damages for personal injuries sus-

tained by him in falling on a stairway of the defendant at the subway entrance in the Scollay Square station, in Boston.

The material facts are as follows: The plaintiff became a passenger of the defendant at East Boston on the morning of February 27, 1928, and was conveyed to its subway station at Scollay Square in Boston, arriving there at about 8:30 A.M. He started to ascend the stairway provided for the egress of passengers to the street level. The treads of the stairs were covered with corrugated iron plates. The plaintiff had reached the next to the last step from the platform in the middle of the stairway when he slipped and fell, receiving the injury for which the action was brought. This stairway in the part where the plaintiff fell is covered by a canopy protecting it from the elements. The plaintiff looked to see what had caused his foot to slip and observed on the stair just below the platform a substance that looked like an old apple. It was "black and dirty and covered with grime." It was all flattened down and adhered to the metal stair. It was entirely dry except where the plaintiff's toe slipped on it and it had a moist mark in that spot. It looked like an apple only because it had a stem on it and was entirely flattened out. It was a little less than the size of the palm of the hand of the plaintiff, about three and one half to four inches in length, and was an irregular oval in appearance. It appeared to have been trampled upon. There was a "skid mark" on the apple where the plaintiff slid on it and some of the apple was on the sole of the plaintiff's left shoe near the end. The plaintiff did not trip on the stair but slipped upon the apple as described. The defendant had in its employ a porter whose duty it was to keep the stairs clean by sweeping them from time to time. This porter was on duty in the station when the accident occurred. There was no evidence that the apple had been seen on the step by any one prior to the plaintiff's fall. At the close of the plaintiff's case the defendant rested and the judge allowed its motion for a directed verdict to which the plaintiff excepted.

It is a matter of common knowledge that large numbers of people would be passing over these stairs on a week day at about the time of the plaintiff's injury. If the sub-

stance described had been dropped or left where it was by a person passing over the place a moment before it might have presented the appearance described.  It may have been flattened by people stepping upon it before it first appeared upon the step or this result may have been caused in a moment by people passing over the stairway. Whether it was made to adhere to the metal step by the pressure of many feet or by that of a single step upon it or even by the plaintiff himself when he slipped upon it was a matter of conjecture.  The evidence did not warrant a finding that the substance on which the plaintiff slipped had been on the step so long that it should have been discovered and removed by the employee of the defendant who had the duty to keep the stairway clean.  The facts of this case bring it within the authority of *Goddard* v. *Boston & Maine Railroad,* 179 Mass. 52, *Norton* v. *Hudner,* 213 Mass. 257, *O'Neill* v. *Boston Elevated Railway,* 248 Mass. 362, *Mascary* v. *Boston Elevated Railway,* 258 Mass. 524, 525, *Bornstein* v. *R. H. White Co.* 259 Mass. 34, and *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367, and distinguish it from cases like *Anjou* v. *Boston Elevated Railway,* 208 Mass. 273, where there was evidence that the banana peel upon which the plaintiff slipped looked as though it had been trampled upon a great deal, and *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, in which the evidence tended to prove that when the substance causing the injury was scraped off the floor the place under it was clean while the floor around that place had dirt upon it.

*Exceptions overruled.*