HELEN HARTFORD vs. BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.   May 12, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Negligence*, Street railway. *Proximate Cause*. *Practice, Civil*, Requests,
rulings and instructions, Exceptions.

At the trial of an action of tort against a street railway company for
personal injuries sustained when the plaintiff, as he was going to a
seat in the car, fell on ice in the aisle, there was evidence that the day
was cold, dry and windy and that there were snow and ice on the
ground; that the ice upon which the plaintiff slipped was about six
or seven inches square, was in the center of the aisle about half way
down the car and was variously described as "frozen very hard,"
"packed down into the corrugations" built into the floor, "embedded
in the corrugations," "frozen right in the crevices," "frozen in the
corrugation of the car," "down in between the grooves, and part of
it was protruding up." There was no direct evidence as to when the
ice first formed on the car floor and nothing to warrant a finding that
it originally came there by reason of negligence for which the defend-
ant was responsible. A motion that a verdict be ordered for the de-
fendant was denied. There was a verdict for the plaintiff. *Held*, that
(1) If the jury found the ice to be of the character described by the
above evidence, they were not unwarranted in inferring that it had
been on the car floor long enough for the defendant's employees, in
the exercise of the degree of care required of the defendant as a com-
mon carrier of passengers, to have discovered and removed it;
(2) The motion that a verdict be ordered for the defendant properly
was denied.
No exception will be sustained to the denial of a request for a ruling of
law correct in substance but reciting as its basis a fact which was not
according to evidence which the jury would be warranted in believing.
A request for a ruling, at the trial of an action of tort for personal injuries,
that the "present condition of the plaintiff's leg" was not the "direct
or proximate result of the accident alleged," properly was refused
where there was evidence which, if believed, would warrant a finding
to the contrary.

TORT.   Writ dated May 11, 1925.

In the Superior Court, the action was tried before *Beau-
dreau*, J. Material evidence is stated in the opinion. The
defendant asked for the following rulings among others:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"3. There is no evidence that the defendant knew, or should have known, of the existence of the ice on the floor of the car."

"6. The mere fact that there was a piece of ice on the floor of the car is not evidence that the defendant was negligent or that the car was defective.

"7. In the absence of evidence as to the cause of the ice or the length of time it had existed, there is no evidence that the defendant was negligent or the car was defective.

"8. There is no evidence that the present condition of the plaintiff's leg is the direct or proximate result of the accident alleged."

The requests were refused. The defendant moved that a verdict be ordered for the defendant. The motion was denied. There was a verdict for the plaintiff in the sum of $2,250. The defendant alleged exceptions.

*A. F. Bickford*, for the defendant.

*James P. Brennan*, for the plaintiff.

DONAHUE, J. The plaintiff having boarded, as a passenger, a one-man car of the defendant, fell and was injured while walking up the aisle to a seat. The case comes before us on the defendant's exceptions to the denial of its motion for a directed verdict and to the failure of the judge to give five requested rulings. There was evidence offered by the plaintiff tending to show that the accident happened on a cold, dry, windy winter's day; that out of doors there was snow on the ground and in places ice; that the plaintiff soon after boarding the car while making her way to a seat slipped on a formation of ice about six or seven inches square in the center of the aisle and about half way down the car. The formation of ice was variously described by witnesses called by the plaintiff as "frozen very hard," "packed down into the corrugations" built into the floor, "embedded in the corrugations," "frozen right in the crevices," "frozen in the corrugation of the car," "down in between the grooves, and part of it was protruding up"; a small piece of the ice which was

kicked out of the floor with difficulty was "heavy and was embedded with little pieces of sand or gravel." There was testimony offered by the defendant tending to show that there was no ice or slippery substance on the floor. It was for the jury to say what the truth was as to the condition of the car. *MacLaren* v. *Boston Elevated Railway*, 197 Mass. 490.

There was nothing in the evidence on which to base a finding that the ice on which the plaintiff slipped or the water from which such ice might have been formed, originally came upon the floor of the car because of negligence for which the defendant was responsible. Liability of the defendant could be established only if there was evidence which warranted the finding that the ice had been on the floor of its car for a long enough time so that if the requisite care had been used the defendant's employees would have discovered its presence and have removed it. *Labrie* v. *Donham*, 243 Mass. 584, 586. If the jury believed that the plaintiff slipped on a formation of ice which had the size, shape, appearance and other characteristics described in the testimony of the plaintiff and of the witnesses called by her, the inference would not have been warranted that it recently came to be on the floor of the car by the act of some other passenger. In this respect the case is distinguishable from *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, *Hotenbrink* v. *Boston Elevated Railway*, 211 Mass. 77, *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, and *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431. While there was no direct evidence as to when the ice formation first came into existence on the floor of the car, from its character and the firmness of its attachment to the floor as described by witnesses, an inference by the jury was not unwarranted that it had been there a considerable time and long enough for the defendant's employees in the exercise of the degree of care required of the defendant as a common carrier of passengers to have discovered and removed it. *Rosen* v. *Boston*, 187 Mass. 245. See *Gilman* v. *Boston & Maine Railroad*, 168 Mass. 454; *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273; *Hudson* v. *F. W.*

*Woolworth Co.* 275 Mass. 469. Since there was evidence on which the jury were warranted in finding that the formation of ice was on the car floor long enough for the defendant's employees to have known of its existence, a verdict could not properly have been directed for the defendant and the defendant's first, third and seventh requests were rightly denied. The defendant's sixth request, to the effect that the mere fact that there was a piece of ice on the floor was not evidence of negligence, could not fairly have been given in terms, since the testimony describes not merely a piece of ice on the floor but a considerable area of ice firmly frozen to the floor. In his charge the judge emphasized the importance of determining how long the formation of ice had been there and whether the defendant had opportunity to know of it. Since no exception was taken to the charge and no further or different instructions on the subject matter were requested, the exception to the refusal to give the sixth request is not sustained. By its eighth request the defendant sought a ruling that there was no evidence that the present condition of the plaintiff's leg was the direct or proximate result of the accident. No exception was taken to the judge's instructions as to the matter of direct or proximate cause. A surgeon employed by the defendant, who examined the plaintiff six months after the accident and at the trial, testified on direct examination that in his opinion she then had and at the time of the trial had what is known as a "Charcot joint" in that ankle which received injury at the time of the accident in question, and that a "Charcot joint" is not caused primarily by an accident but is caused by some organic disease. On cross-examination he testified that if a "Charcot joint" did develop in a person who had such a disease in a joint that had been the site of an injury "he did not believe you could rule out the injury as a possible and perhaps probable factor in the causation of that Charcot joint." The plaintiff's physician testified that he was not sure she had a "Charcot joint" and that if she did it would be an unusual kind and would be accelerated by trauma. The plaintiff testified that she had no swelling in the ankle and no trouble

with it prior to the accident. It was for the jury to say on all the evidence whether or not the accident was a direct and proximate cause of the condition of the plaintiff's ankle at the time of the trial. *Sullivan* v. *Boston Elevated Railway*, 185 Mass. 602, 606. *Benjamin* v. *Holyoke Street Railway*, 160 Mass. 3, 4. *Sullivan* v. *Old Colony Street Railway*, 197 Mass. 512, 515.

*Exceptions overruled.*