GEORGIA E. MANELL *vs.* CHECKER TAXI COMPANY.

Suffolk.     October 5, 1933. — October 7, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* One owning or controlling real estate, Of proprietor of garage.

A finding of negligence on the part of the defendant was warranted at the trial of an action for personal injuries against the proprietor of a garage, where there was evidence that the plaintiff, who hired garage space of the defendant, drove his automobile into the garage and, having placed it as directed by an employee of the defendant, alighted therefrom; that in so doing he put his foot upon a place on the floor where there was dark, black grease with sawdust on it; that the substance was circular in shape, was about three and one half feet in circumference, was hard and dry around the edges, was about an inch or an inch and one half in thickness in the center and spread to almost nothing in other parts, and was "hard and caked just like a crust on top"; and that the plaintiff's foot "broke through" and slipped, causing him to be injured.

TORT for personal injuries sustained when the plaintiff slipped on a substance in the defendant's garage. Writ dated May 8, 1929.

The action was tried in the Superior Court before *Bishop,* J. There was evidence that the substance upon which the plaintiff stepped was "hard and caked just like a crust on top." Other material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $2,098.88. The defendant alleged an exception.

*J. F. Myron,* for the defendant, submitted a brief.

*G. J. Barry,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained through the negligence of the defendant. There was evidence tending to show that the plaintiff, who hired garage space of the defendant, drove into the garage of the defend-

ant and placed her automobile as directed by its servant. In alighting from her automobile she put her left foot upon a portion of the floor of the garage that seemed to be firm, but when she put her weight on it "she broke through something and her foot slipped" and she was injured. She described the place where she fell as a circular place about three and one half feet in circumference, hard and dry around the edges, about an inch or an inch and one half in thickness in the center where her foot broke through and spreading to almost nothing in other parts; there was sawdust on it and it was dark, black grease. There was testimony on the part of the defendant tending to show that no such place existed or could exist in the course of the defendant's business, and that it was scrupulous to keep the floor of its garage free from grease.

The plaintiff is entitled to have the case now considered on the aspect of the evidence most favorable to her. There was no error in denying the defendant's motion for a directed verdict in its favor. *White* v. *Mugar*, 280 Mass. 73. *Hartford* v. *Boston Elevated Railway*, 280 Mass. 288. The case is quite distinguishable from cases like *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431, and *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, in which the condition of the place where the plaintiff was injured was not shown to have existed for any substantial length of time or to be of such nature as to render the defendant liable. In the case at bar the amount and kind of grease on the floor and its appearance were such as to warrant a finding that the defendant was responsible for it.

*Exceptions overruled.*