CAROLINA RENZI *vs.* BOSTON ELEVATED RAILWAY COMPANY.

DOMINICK RENZI *vs.* SAME.

Suffolk.   November 7, 1935. — January 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence,* Street railway: station; Slippery substance; One owning or controlling real estate.

Certain evidence as to the appearance of fruit and its broken paper bag on the dirty stairs of a street railway station did not warrant the inference that it had been there so long that the railway porter was negligent in not finding and removing it.

TWO ACTIONS OF TORT. Writs dated May 16, 1930, and January 26, 1931, respectively.

The actions were tried in the Superior Court before *Cox*, J. The verdicts for the plaintiffs were in the sums of $6,500 and $2,000, respectively.

*R. J. Coffin*, (*J. J. Krohn* with him,) for the plaintiffs.

*S. P. Sears*, for the defendant.

PIERCE, J. These are two actions of tort which were tried together in the Superior Court to a jury. In the first case Carolina Renzi seeks to recover damages for personal injuries sustained by her in falling on a stairway of the defendant at the Green Street elevated station in Boston, due to the presence of a "foreign substance which the defendant [allegedly] negligently permitted to remain thereon." In the second case Dominick Renzi, husband of the plaintiff in the first action, seeks to recover for consequential damages incurred as a result of the said injuries sustained by his wife. For convenience, Carolina Renzi will be referred to as the plaintiff. At the close of the evidence the defendant moved in each action that a verdict be ordered in its favor. These motions were denied. The actions were submitted to the jury with leave reserved under G. L. (Ter. Ed.) c. 231, § 120. The jury found for the plaintiff in each action. Thereafter, upon the defendant's motion in each action, the trial judge ordered verdicts to be entered for the defendant in accordance with the leave reserved and each plaintiff duly excepted. All the evidence material to the issues presented is set out in the bill of exceptions.

The testimony in its aspect most favorable to the plaintiff warranted a finding of the following facts: On February 27, 1930, between 5:30 and 6 P.M., the plaintiff alighted from one of the defendant's trains at the Green Street station; it was dark and she was alone; she started to descend a flight of stairs provided by the defendant for the egress of its passengers; she had descended two or three steps from the concrete platform on which she had alighted on leaving the train when her right foot slipped and she fell over backwards, striking the stairs and receiving serious physical injuries to her hip and spine. She was unable to arise im-

mediately and, while attempting to do so, she saw, on the stairs, "'a bag and quite a lot of fruit, . . . the fruit looked to be pressed down; pressed down.' The fruit was pears and bananas, and the bag was a brown paper bag about twelve inches wide and fifteen inches long. The bag was 'dirty and torn.' The fruit was 'on the steps, around the bag' and 'some in the bag.' The fruit was black and the paper bag was 'torn, dirty and some parts of the bag looked wet.' The bag was 'all broken, different pieces; all broken and part of it was wet, and one part of it was wet, and one part of the bag was dry and pressed down and dirty.' On the bag 'were marks done by the shoe, when you press your shoe on the bag.' There were 'many' foot marks on the bag. Some of the fruit was wet and some of it was dry. The bag was on the step she had slipped on, and her foot had slipped by stepping on a pear. After she fell her clothes were all stained by fruit. The stairs near where the fruit was were all dirty. . . . She did not see the fruit until after she fell." There was testimony, other than the above which was given by the plaintiff, to the effect that the fruit was badly crushed; that it was in a paper bag and that the bag was broken.

The plaintiff offered in evidence, and the judge received without objection, § 104 of the written rules of the defendant, entitled "Porters," which reads as follows: "(a) Porters will be required to keep all stations to which they are assigned in a clean and suitable condition under the direction of officials in charge. (b) Sweeping and cleaning must be done without offense or inconvenience to patrons. (c) Porters must not leave the premises while on duty without permission. (e) Particular attention must be given to platforms, stairs and toilets to see that no foreign substances are allowed to remain that might cause accident or damage to persons or property. (f) In case of accident in a station porters must make an accident report regarding the condition of the platforms, stairs or place where accident occurred, hours of duty, time when the exact place was cleaned or examined before and after accident, condition in which found, and all other essential information."

The plaintiff introduced no direct evidence of the length, or probable length, of time during which the bag or fruit was on the stairs, or any evidence, other than that above recited, from which the jury might have inferred that the defendant's agents or servants were negligent in not discovering the bag or fruit, or both, and in not removing them. *Fournier* v. *New York, New Haven & Hartford Railroad*, 286 Mass. 7, 11. In lieu thereof the plaintiff relies on the evidence as to the appearance of the bag and of the fruit to provide such an inference. We do not think the plaintiff's evidence is sufficient to warrant the desired inference. There was no evidence of the color of the fruit within the bag, and the evidence as to the color of the fruit which was outside the bag on the dirty stairway did not render it more probable that the fruit had been there for a substantial period than that it had been dropped a short time before. Compare *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362, 363. Nor does it appear in the case at bar that the bag of fruit was dropped in such a place that the defendant's agents, in the exercise of due care, should have seen and removed it in a relatively short period of time. Compare *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, 274. The evidence that both the bag and the fruit had been trampled on was insufficient to warrant the inference that the bag and the fruit had been on the stairway for a considerable time because, at the time of the accident, and for a considerable time before the accident, it is probable, if not a necessary inference, that a large number of people were walking over the stairway, the bag and the fruit, and had thereby caused the exposed fruit to present the appearance above described. *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431, 433. See also *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, 525, and cases cited. The case at bar is clearly distinguishable from *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, relied on by the plaintiff.

*Exceptions overruled.*