PAULINE A. KELLEHER *vs.* DINI'S, INC.

Suffolk.   February 2, 1954. — March 9, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence*, Slippery substance, Restaurant.

Evidence solely as to the appearance of dirty "stepped-on" vegetable matter on a stairway landing in restaurant premises did not warrant a finding that the substance had been there so long when a patron of the restaurant slipped on it and fell that the restaurant employees were negligent in failing to discover and remove it.

TORT.   Writ in the Municipal Court of the South Boston District dated July 20, 1949.

Upon removal to the Superior Court, the action was tried before *Swift*, J.

*Leo J. Hession*, for the defendant.

*Everett A. Grant*, (*John J. Donovan* with him,) for the plaintiff.

WILLIAMS, J.   This is an action of tort to recover for personal injuries received from a fall on the premises of the defendant on August 20, 1948.   There was evidence that at about 6 P.M. on August 20, 1948, the plaintiff was a customer in the defendant's restaurant on Tremont Street, in Boston.   The restaurant was crowded.   Upon completion of her meal she went to the ladies room, accompanied by her niece.   She walked toward the rear of the dining area, turned and went up three or four steps to a landing about

four feet wide. This landing led to a corridor off which was the ladies room. On returning she slipped on the platform and fell upon the stairway. She looked back from the bottom of the stairway and observed a skid mark about one foot in length leading up to the stairway. At the far end of the mark there was a piece of vegetable matter resembling a carrot approximately one and one half inches long and one quarter inch in width. This "vegetable material appeared to be dirty, faded and looked stepped-on and there was dirt on it." She had not observed anything on the platform when she went to the ladies room and had not seen this particular substance until after her fall.

Her niece testified in respect to the same object that "It appeared to be yellowish in color, dirty and that 'it looked like people had walked on it, it wasn't something that was fresh that had just fallen there.'"

The case is here, after a verdict for the plaintiff, on the defendant's exception to a denial of its motion for a directed verdict.

There was no evidence that the carrot was dropped on the floor by an employee of the defendant or that while it was on the floor it was within the view of any employee.

The question is whether, solely from the description given, it reasonably could be inferred that the carrot had remained on the floor for such a length of time that failure to discover and remove it was negligence. In the cases upon which the plaintiff relies there was not only evidence that the foreign matter looked as if it had been present for a substantial period of time, but also evidence that it was in a place where the defendant's employee or employees should have seen it. See *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273; *Connair* v. *J. H. Beattie Co.* 298 Mass. 550; *Scaccia* v. *Boston Elevated Railway*, 317 Mass. 245. In the instant case the testimony respecting the appearance of the carrot was equally descriptive of vegetable matter which had been on the platform for either a short or a long time. That it had been stepped on was of little significance. See

*Renzi* v. *Boston Elevated Railway*, 293 Mass. 228; *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, 490. The evidence was insufficient to warrant a finding that it had been there for any considerable time, or that, whatever the time, it should have been discovered and removed. It did not appear that at or near the time of the accident the employees of the defendant had reason to be in that portion of the premises where the plaintiff fell. The case falls within the class of cases illustrated by *Renzi* v. *Boston Elevated Railway*, 293 Mass. 228, *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, *Wyman* v. *McLellan Stores Co.* 315 Mass. 117, *Foley* v. *Hotel Touraine Co.* 326 Mass. 742, and *Uchman* v. *Polish National Home, Inc.* 330 Mass. 563.

The defendant's motion for a directed verdict should have been allowed.

*Exceptions sustained.*
*Judgment for the defendant.*