*Northern District*

No. 5476

**ALICE L. BERGERON**
**AND**
**RALPH E. BERGERON**
v.
**DeMOULAS SUPER MARKET, INC.**

(May 17, 1961)

*Present:* Brooks, P. J. and Eno, J.

Case tried to *Northrup, J.,* in the District Court of Lowell. No. 2395 of 1959.

*Brooks, P. J.* This is an action of tort in which plaintiff Alice L. Bergeron seeks to recover for personal injuries, and the plaintiff's husband, Ralph E. Bergeron, for consequential damages allegedly caused by defendant's negligent maintenance of its premises. Defendant's answer consists of

general denial, contributory negligence and other pleas not material here.

*At the trial there was evidence tending to show the following:*

Plaintiff, Alice L. Bergeron, on April 24, 1959, at about 5:45 P.M. entered defendant's supermarket with the purpose of shopping. After entering the store, she procured a carrying cart and went down the center of one of several aisles to the rear of the store where she bought meat. Returning by a second aisle toward the front of the store, she then started down an aisle on the extreme right of the store as one enters the same.

The right side of this aisle consisted of a refrigerated counter containing dairy products. On the left side were display counters containing several rows of shelves on which were stacked cans, jars, packaged foods, and other assorted items. As plaintiff entered this aisle, she noticed a young man 8 to 10 feet down that aisle engaged in putting merchandise on the shelves on the left side of the aisle. On her way down this aisle, plaintiff picked up butter and bacon from the counter on her right, which she placed in her cart. Leaving her cart on the right side of the aisle, she turned to go to the counter on the opposite side of the aisle to pick up some cranberry sauce. At that time, plaintiff was about 25 feet beyond the boy who was putting merchandise on the shelves.

When plaintiff reached a point on the opposite side of the aisle close to the shelves, her right foot skidded on some substance on

the floor, causing her to fall against the shelves and to sprain both her ankle and her back. She noticed applesauce on the floor covering the area about the size of a briefcase, and also on the floor a broken jar, labelled, "Mott's Apple Sauce." There was applesauce on her right shoe.

Plaintiff called to the boy who left the scene and returned with sawdust and a broom and wiped up the apple sauce. Thereafter, she made complaint to the manager and returned to her home.

There was also evidence that the floor of the store was marblized and dark and that it was hard to distinguish foreign substances on it. Plaintiff further testified that after she fell she saw some dirt and some glass in the applesauce on the floor. She did not see the applesauce before she fell.

Defendant admitted ownership and conduct of the store. There was also introduced in evidence plaintiff's specification No. 4 in which the foreign substance was described as, "A light, almost colorless substance, having the appearance and characteristic of applesauce."

Defendant rested without introducing further evidence. The trial Court took a view of the locus of the accident.

Plaintiffs made the following Requests for Rulings:

1. The duty of a storekeeper to a customer is to use reasonable care to keep in a safe condition that part of its premises to which a customer is invited.

2. Under all the circumstances, an inference is warranted that the foreign substance on the floor of the defendant's premises causing injuries to the plaintiff had been there long enough to have been discovered and removed by the defendant prior to the accident.

3. The evidence warrants a finding that the defendant knew or had reasonable cause to know of the presence of the foreign substance on the premises of the defendant which caused the injuries to the plaintiff, and was negligent in not removing the same.

4. The evidence warrants a finding of negligence on the part of the defendant.

5. The evidence warrants a finding for the plaintiff.

The Court allowed plaintiffs' Request No. 1, and Denied Nos. 2, 3, 4, and 5.

Defendant made the following Requests for Rulings:

1. As a matter of law, the plaintiffs cannot recover in this action.

2. Upon all the evidence, the plaintiffs cannot recover in that there is no evidence that the defendant or one for whose conduct the defendant was responsible either:

    (a) Caused the allegedly defective condition, or

    (b) Knew or ought to have known of the alleged defect and failed to remedy the same after having a reasonable opportunity to take remedial measures.

3. The defendant owed to business invitees a duty to use due care to keep the premises safe

16

for their use; however, the defendant was not an insurer of their safety.

4.  Where, without action for which the defendant is responsible, a dangerous condition arises, the law allows the defendant reasonable opportunity to be informed of this condition and to take measures to remedy it before the defendant can be found negligent as to one injured by the dangerous condition.

5.  As a matter of law, the female defendant was guilty of contributory negligence in failing to observe and avoid injury from the alleged defect.

The Court allowed Requests Nos. 1, 2, 3, and 4, and Denied No. 5.

The Court made the following "Memo of Findings":

"I find the facts most favorable to the plaintiff and draw all favorable inferences warranted thereby. I rule, however, that the same are insufficient as a matter of law to warrant a finding for the plaintiff which otherwise I would have made.

To avoid the necessity of a new trial, if the Appellate Court holds that the evidence warrants a finding for the plaintiff, I have assessed damages and the amount of the same of $1050. Fifty dollars of these damages is assessed as consequential damages under Count 3 of the plaintiffs' declaration.

I find for the defendant as a matter of law."

Plaintiffs duly objected to the denial of their Requests Nos. 2, 3, 4, and 5, and to the allowance of defendant's Requests Nos. 1, 2,

3, and 4, and specifically to the ruling of the trial court that plaintiffs were not entitled to recover as a matter of law.

The narrow issue in this case is whether the foreign substance, — namely applesauce, which allegedly caused plaintiff to fall, had been on the floor long enough before the fall so that defendant should have noticed and removed it. If so, plaintiff is entitled to recover.

On the other hand, unless there is evidence which throws light on this question of fact, the court must rule that as a matter of law defendant's negligence has not been established and plaintiff is not entitled to recover. This is what the trial judge ruled. We believe his ruling was correct.

The law is clear in such cases. The problem arises with the facts. "The defendant owes to business invitees a duty to use due care to keep his premises reasonably safe for their use; however, he is not an insurer of their safety. Where without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to be informed of this condition and to take the measure to remedy it." *Kanter v. Mass. Wholesale Food Terminal, Inc.,* 340 Mass. 339. The court in the above case found that the suet upon which plaintiff slipped was not on the ramp by reason of any act of any person for whose conduct the defendant was responsible, also that there was insufficient evidence on which to find that defendant or its employees knew or should have known of the presence of the suet on the ramp.

On the other hand, in the case of *Connair v. J. H. Beattie Co.,* 298 Mass. 550, the court found defendant negligent since the substance which caused plaintiff to fall was "in plain sight of [defendant's] three clerks." To the same effect, see *Scaccia v. Boston El. Ry.,* 317 Mass. 246. In *Foley v. Woolworth Co.,* 293 Mass. 232, where there was also a finding for plaintiff, the slippery substance was in plain sight of waitresses at several of defendant's counters.

In this type of case, evidence on two points is likely to be important, — opportunity of defendant to have seen the slippery substance before the accident, also the condition of the substance as bearing on the length of time it had been on the floor. In the case before us, plaintiff argues that the boy who was stacking the shelves was in a position to see the applesauce. Plaintiff saw the boy as she walked down the aisle in the process of shopping after which she passed him and 25 feet beyond him, fell on something which she described as "a light, almost colorless substance."

There was no evidence as to the length of time the boy had been in the aisle apart from plaintiff having seen him shortly before the accident, nor as to the number of customers who might have obstructed his view at and subsequent to the time the applesauce came upon the floor. There was testimony from which it could be inferred that the applesauce was not plainly visible on the marblized background. We think under these conditions

that it would be sheer conjecture to find that the boy saw or should have seen the applesauce prior to the accident. A finding based on conjecture is not permissible. *Kanter v. Mass. Wholesale Food Terminal, Inc.,* supra; also *Caro v. F. W. Woolworth Company,* 342 Mass. 155.

Neither does the condition of the applesauce throw any light on the length of time it lay on the floor. Plaintiff testified that after she fell, "she saw some dirt and some glass in the applesauce on the floor. She did not see the applesauce on the floor before she slipped on it."

In *Anjou v. Boston El. Ry.,* 208 Mass. 273, the court properly allowed the case to go to the jury where plaintiff had fallen on a banana peel that felt dry and gritty, as if there was dirt upon it and as if trampled over a good deal. It was all black and no yellow.

On the other hand, in *Renzi v. Boston El. Ry.,* 293 Mass. 228, the substance upon which the plaintiff fell was fruit from a torn paper bag, which appeared "pressed down and dirty." In *Newell v. William Filenes Sons Co.,* 296 Mass. 489, plaintiff fell after stepping on half an orange which plaintiff described as "black", "dirty," and "gritty." In *Wynar v. MacLellan Stores Company,* 315 Mass. 117, plaintiff stepped on a pea pod in defendant's grocery store which was "dark, crushed, and dirty." In *Kelliher v. Denis, Inc.,* 331 Mass. 217, plaintiff fell on vegetable material that appeared to be "dirty and faded, and looked stepped on, and there was

dirt on it." In all these cases, the Court disallowed recovery as a matter of law. Merely to describe a substance as dirty is not sufficient to get plaintiff to a jury on the question of length of time that a substance has been on the floor.

The judge in his finding, stated that he "drew all favorable inferences" warranted by the facts found. Plaintiff argues that, therefore, he was required to infer that the applesauce had been on the aisle floor long enough for defendant to have become aware of it. The judge, however, cannot draw inferences unless supported by evidence. For example, he obviously inferred from all the circumstances that the boy was in the employ of defendant. This inference was clearly justified by the accompanying circumstances. Not so with respect to the time element.

We find no error in the Judge's findings or rulings. *Report dismissed.*

Max A. Stoller of Lowell, for the Plaintiffs.
Richard R. Flood of Lowell, for the Defendant.